(No. 32060.—

EDWARD CUNY et al., Appellants, vs. FRANK ANNUNZIO, Director of Labor, Appellee.

*Opinion filed March 20, 1952.*

John C. Friese, of Chicago, for appellants.

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and A. Zola Groves, of counsel,) for appellee.

Mr. Chief Justice Daily delivered the opinion of the court:

This is an appeal by Edward Cuny and Bernice Cuny, doing business as the Cuny Addressing Service, from a judgment of the superior court of Cook County, which confirmed a decision of the Board of Review of the Department of Labor.

The cause arose when one Cecelia Jaeger filed a claim for unemployment compensation. In processing the claim a deputy of the Division of Unemployment Compensation of the Department of Labor issued an administrative find-

ing that appellants were, in 1946, employers within the purview of the Unemployment Compensation Act; (Ill. Rev. Stat. 1945, chap. 48, pars. 217-250,) that Cecelia Jaeger had performed services for appellants constituting employment under the act; that she had received wages and that she was entitled to unemployment compensation. Upon appeal by appellants to a referee, and upon further appeal from his decision to the Board of Review of the Department of Labor, the initial decision of the deputy was affirmed. Appellants then filed a complaint in the superior court seeking a review under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1945, chap. 110, pars. 264-279.) The complaint named Frank Annunzio, Director of Labor of the State of Illinois, as the only defendant, and sought "review of a decision of the Board of Review and said Director of Labor." The judgment of the superior court affirmed the decision of the Board of Review and appellants seek further review by appealing directly to this court.

In a motion, which has been taken with the case, the Director has moved to dismiss the appeal on the ground that appellants failed to join as parties defendant two necessary and indispensable parties, to wit, the Board of Review, whose decision is sought to be reviewed, and Cecelia Jaeger, who initiated the administrative proceeding by filing a claim for unemployment compensation, and whose interests will be materially affected by the outcome of the case. Appellants contend (1) that while the Board of Review is an administrative agency, it is not independent of the Department of Labor and its Director, but is in reality a division of the Department; (2) that the Attorney General by arguing the merits of the cause before the superior court on behalf of the Board of Review, in effect entered the appearance of the Board of Review and acted as its counsel; and (3) that their failure to join the Board of Review has been waived by the failure of appellee

to object. Insofar as the motion pertains to the claimant, Cecelia Jaeger, appellants contend: (1) that a decision in the cause will not materially affect her interests, and (2) that she abandoned her interest and claim by not filing appearance or otherwise appearing before the superior court, the said Cecelia Jaeger having been duly served with a summons.

Section 8 of the Administrative Review Act (Ill. Rev. Stat. 1945, chap. 110, par. 271,) provides that "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." The Board of Review is an "administrative agency" within the meaning of section 8 by virtue of the definition contained in section 1 of the Administrative Review Act, (Ill. Rev. Stat. 1945, chap. 110, par. 264,) which states:

"For the purpose of this Act: 'Administrative Agency' means a person, body of persons, group, officer, board, bureau, commission, or department (other than a court, judge, justice of the peace or magistrate) of the State, or of any political subdivision thereof or municipal corporation therein, having power under law to make administrative decisions.

"'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."

The decision of the Board of Review in this cause terminates proceedings within the Department of Labor and review of the Board's decisions on matters pertaining to unemployment compensation lies only to the circuit court or superior court. (Ill. Rev. Stat. 1945, chap. 48, par. 230.) Thus, while the Board of Review may be a division or

arm of the Department of Labor which operates under the superintendence of a Director, it is the Board which acted as the administrative agency and entered the administrative decision, and is the party contemplated by section 8 of the Administrative Review Act.

In construing section 8, this court said, in *Winston* v. *Zoning Board of Appeals,* 407 Ill. 588, that "The requirement that all adverse parties of record to the administrative proceeding shall be made defendants on review is mandatory and specific, and admits of no modification. The act being an innovation and departure from the common law, the procedures it establishes must be pursued in order to justify its application. (*Krachock* v. *Department of Revenue,* 403 Ill. 148)." The language quoted applies with equal force to the provision of section 8 that the administrative agency rendering the final decision sought to be reviewed shall be made a party defendant.

In like manner, the construction placed upon section 8 admits of no doubt that the claimant, Cecelia Jaeger, was an adverse party to appellants in the proceedings before the administrative agency, and by the mandate of the statute, a necessary party defendant. She is a necessary party for the added reason that an adverse ruling by this court would deprive her of the unemployment compensation to which she has been held to be entitled in this cause. It follows that a final judgment could not be entered without materially affecting her interests.

By the statute, the Board of Review and the claimant in this case have been made indispensable parties to a judicial review. The failure of the Director of Labor to object that the Board of Review was not made a party defendant, and the failure of the claimant to make an appearance at the judicial review, could not operate as a waiver of the express requirement of the statute or relieve the party seeking the review of the mandatory duty imposed upon him. We conclude that the complaint filed in

this cause was defective in failing to include as defendants the administrative agency rendering the decision to be reviewed, and all persons other than the appellants who were parties of record to the administrative proceeding.

For the reasons stated, the motion to dismiss the appeal is allowed.

*Appeal dismissed.*