ELLIS V. STANLEY, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees (Mullins and Associates, Inc., Defendant).

Second District No. 2—91—1267

Opinion filed October 8, 1992.

Leonard D. Litwin, of Sheldon Hodes & Associates, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Robert E. Zeitner, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Claudia Sainsot and Richard S. Grenvich, Assistant Attorneys General, of Chicago, and Elizabeth A. Foran, Assistant Attorney General, of Waukegan, of counsel), for appellees.

JUSTICE DOYLE delivered the opinion of the court:

After the Board of Review (Board) of the Department of Employment Security (Department) denied his application for unemployment compensation, plaintiff, Ellis V. Stanley, filed a complaint in administrative review in the circuit court of McHenry County. The complaint did not name the Board as a defendant, and plaintiff never served summons on the Board. The circuit court dismissed the suit for lack of subject-matter jurisdiction, holding that plaintiff had failed to comply with the strict prerequisites for suit under the Administrative Review Law (the Act) (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). The court also denied plaintiff leave to amend the complaint.

On appeal, plaintiff argues that his failure to name the Board as a defendant did not deprive the circuit court of jurisdiction over his

timely complaint in administrative review. He maintains that (1) he was not required to name the Board as a defendant; and (2) assuming that he was required to name the Board as a defendant, the circuit court should have granted him leave to amend the complaint.

Defendants argue that (1) under section 3—107 of the Act (Ill. Rev. Stat. 1991, ch. 110, par. 3—107) and *Cuny v. Annunzio* (1952), 411 Ill. 613, the Board, as the "agency" of whose decision plaintiff sought review, was a necessary party to the suit; (2) under *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, plaintiff's failure to name the Board as a defendant within 35 days of being served with a copy of its decision (see Ill. Rev. Stat. 1991, ch. 110, par. 3—103) was a jurisdictional defect which could not be cured by amendment; and (3) plaintiff's failure to serve summons on the Board within this 35-day period (see Ill. Rev. Stat. 1991, ch. 110, par. 3—105), although not a jurisdictional defect, mandated dismissal of the complaint under the circumstances of this case.

We hold that the Board was a necessary party to the suit and that plaintiff's unexplained failure to name the Board and serve summons within 35 days mandated dismissal of the complaint without leave to amend.

On June 28, 1991, plaintiff filed his complaint in administrative review, naming the Department, the Department's Director, Loleta Didrickson, and his former employer, Mullins and Associates, Inc. (Mullins), as defendants. Plaintiff alleged that after Mullins terminated his employment on December 4, 1990, he applied to the Department for unemployment compensation. On May 24, 1991, after "all appropriate appeals," the Board denied plaintiff's claim. Plaintiff alleged that the decision to deny him unemployment benefits was against the manifest weight of the evidence. Appended to the complaint was a copy of the Board's decision, which affirmed and incorporated the decision of a referee of the Department's appeals division.

On June 28, 1991, plaintiff filed his "summons in administrative review" and certified that he had mailed copies of the summons to the Department, Didrickson and Mullins. There is no record of any service of summons or attempted service of summons on the Board.

On July 15, 1991, Didrickson moved to dismiss the complaint, arguing that under the Act the failure to name and serve the Board within 35 days mandated dismissal of the complaint. After a hearing, the circuit court agreed and dismissed the complaint.

■ Section 1100 of the Unemployment Insurance Act (Ill. Rev. Stat. 1991, ch. 48, par. 520) states unambiguously that the Board's decisions shall be reviewable only under and in accordance with the Ad-

ministrative Review Law. The Act is a departure from the common law, and parties seeking its application must adhere strictly to its procedures. *Lockett*, 133 Ill. 2d at 353; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.

Section 3—107 of the Act requires that in "any action to review any final decision of an administrative agency, the administrative agency *** shall be made" a defendant. (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) In *Cuny v. Annunzio* (1952), 411 Ill. 613, 616, the supreme court held that where a claimant seeks administrative review of the Board's denial of unemployment compensation, the Board is "the administrative agency" denoted by the above-quoted language. The Act requires the claimant-plaintiff to name the Board specifically as a party defendant to the suit. *Cuny*, 411 Ill. at 616-17.

*Cuny* is still good law and binding on this court. Plaintiff argues that *Cuny* is distinguishable because there the plaintiff named or served neither the Department nor the Board, whereas here plaintiff named and served the Department. Plaintiff argues that naming and serving the Department is tantamount to naming and serving the Board, which is a division of the Department. However, his argument ignores the plain language of *Cuny* that "while the Board *** may be a division or arm of the Department *** which operates under the superintendence of a Director, it is the Board which acted as the administrative agency and entered the administrative decision, and is the party contemplated by section 8 of the Administrative Review Act [identical in substance to the current section 3—107]." *Cuny*, 411 Ill. at 616-17.

Moreover, at least one later case also recognizes that, under section 3—107 of the Act, the "agency" is the final decision maker from whose holding the plaintiff appeals. (*Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961.) In *Zientara*, the court held that the plaintiff's complaint in administrative review was deficient in not naming the Director of the Lottery Control Board as a defendant. Relying on *Cuny*, the court refused to hold that naming the Lottery Control Board was sufficient. Although the Director was an officer of the Lottery Control Board and reviewed a decision originally made by that board, she was also the final decision maker from whose ruling the plaintiff appealed; therefore, the Director was the "agency" contemplated by section 3—107. *Zientara*, 214 Ill. App. 3d at 966-67.

Further refuting plaintiff's argument that the Department is an adequate surrogate for the Board is the statutory fact that the Board derives its decision-making powers from the legislature "without any

direction, supervision, or control by the Director of Employment Security." Ill. Rev. Stat. 1991, ch. 127, par. 44a.

■ We conclude that plaintiff's complaint was deficient in not naming the Board as a defendant. Plaintiff also failed to comply with section 3—105 of the Act, as he never served summons on the Board. The only question is whether these shortcomings required dismissal of the complaint without leave to amend. *Lockett* holds that they did.

In *Lockett,* the Chicago police board affirmed a decision of the Chicago police department and ordered the plaintiff discharged from his employment. The supreme court held that although the plaintiff filed his complaint in administrative review within the 35-day period required by section 3—103 of the Act, the trial court nonetheless properly dismissed his complaint without leave to amend. The dismissal was proper because the plaintiff had failed to name and serve the police superintendent, a necessary party under section 3—107.

*Lockett* observed that section 3—102 of the Act states that " '[u]nless review is sought *** *within the time and in the manner herein provided,'* a party is barred from bringing an action for administrative review." (Emphasis in original.) (*Lockett,* 133 Ill. 2d at 353, quoting Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) The court held that because the plaintiff failed to name and serve the superintendent within the 35-day period mandated by sections 3—103 and 3—105 of the Act, the trial court properly dismissed the complaint without leave to amend.

It is clear that the failure to file the complaint within 35 days is a jurisdictional defect. (*Lockett,* 133 Ill. 2d at 354-55.) The summons requirement of section 3—105 is mandatory but not jurisdictional. (*Lockett,* 133 Ill. 2d at 355.) Even here, however, the strict nature of the Act requires a plaintiff who does not meet the time limit to show that he had made a "good-faith effort to issue summons within the statutory period." (*Lockett,* 133 Ill. 2d at 355.) The court's reason for this concession was that the failure to file summons within the 35-day period may be the result of circumstances beyond the control of an otherwise diligent plaintiff. *Lockett,* 133 Ill. 2d at 355.

We view *Lockett* as controlling the issue of whether plaintiff's complaint was properly dismissed because of plaintiff's failure to name the Board and serve summons within 35 days of the Board's final decision. We find it unnecessary to determine, as some appellate courts have done, whether the failure to name a necessary defendant is a jurisdictional defect necessitating dismissal and prohibiting amendment. (Compare *Marozas v. Board of Fire & Police Commissioners* (1991), 222 Ill. App. 3d 781; *Strang v. Department of Trans-*

*portation* (1990), 206 Ill. App. 3d 368 (cases holding such a defect to be jurisdictional), with *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078; *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961 (holding defect to not be jurisdictional).) Because of the disposition of the issue in *Lockett*, we need not decide the jurisdictional ramifications, if any, of the failure to name a necessary party in a complaint for administrative review.

Here, just as in *Lockett*, plaintiff failed to both name a defendant and secure summons within 35 days. The *Lockett* court held that absent evidence of a good-faith effort to comply with the requirements of the Act, failure to name a defendant and serve summons within 35 days justifies dismissal of the complaint. (*Lockett*, 133 Ill. 2d at 355-56.) Thus, because we perceive no evidence of any good-faith effort to comply with the Act by naming and serving the Board within 35 days, *Lockett* compels our affirmance of the circuit court's dismissal of plaintiff's complaint.

Concerning a good-faith effort to comply in this context, we note the language in *Lockett* wherein the court referred to "circumstances beyond [plaintiff's] control." (*Lockett*, 133 Ill. 2d at 355.) The supreme court cited as examples of good-faith exceptions only cases in which a plaintiff had made a reasonable effort to comply but had been thwarted by some circumstance independent of his own efforts. Here, plaintiff's failure to serve summons was inextricably related to his failure properly to name the Board as defendant. It was not attributable, for example, to any act or omission by anyone responsible for issuing or serving a summons otherwise properly requested by plaintiff. (See *Lockett*, 133 Ill. 2d at 355.) The failure properly to name a necessary party as a defendant cannot be said to excuse the timely service of summons or otherwise constitute a good-faith effort in complying with the statute where, as here, the law clearly required the Board to be named as a defendant. (See *Cuny*, 411 Ill. 613.) Any such interpretation of *Lockett* would create an impermissibly broad exception to the requirements of the Act inconsistent with the purpose of those requirements. We decline to equate a plaintiff's failure to comply with the clear statutory requirements of the Act with a well-intentioned but uncontrollable lack of compliance.

Plaintiff argues finally that under section 3—111(a)(3) of the Act the circuit court has the power to "allow substitution of parties by reason of marriage, death, bankruptcy, assignment or other cause" (Ill. Rev. Stat. 1991, ch. 110, par. 3—111(a)(3)). Plaintiff cites no authority for this construction of section 3—111(a)(3), and we are aware

of none. Moreover, we agree with defendants that section 3—111(a)(3) exists so that the circuit court may adapt the proceedings to changed circumstances, not so that the court may rescue a party from his own failure to follow the strict but clear requirements of section 3—107 of the Act.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

BOWMAN and NICKELS, JJ., concur.