THOMAS BISCAN, Plaintiff-Appellee, v. THE VILLAGE OF MELROSE PARK BOARD OF FIRE AND POLICE COMMISSIONERS, Defendant-Appellant (Anthony Maggio, Defendant-Appellee).

First District (1st Division)  No. 1—94—1687

Opinion filed January 29, 1996.

Kenneth C. Shepro, of Chicago, and Nicholas M. Spina, Corporation Counsel, of Melrose Park (Altheimer & Gray, of counsel), for appellant.

Richard J. Reimer, of Sklodowski, Franklin, Puchalski & Reimer, of Chicago, for appellee Thomas Biscan.

JUSTICE WOLFSON delivered the opinion of the court:

The trial judge was obviously and justifiably annoyed by the failure of the village's attorney to appear in court in this administrative review case. There are times, however, when patience can be a virtue. This is one of those times.

We reverse the trial judge's order refusing to vacate a default judgment entered against the Village of Melrose Park Board of Fire and Police Commissioners.

FACTS

Thomas Biscan (Biscan) was a fire lieutenant employed by the Village of Melrose Park (the Village). He was discharged on September 14, 1993, for failure to comply with the Village's residency requirement.

On October 5, 1993, Biscan filed a complaint with the circuit court against the Village of Melrose Park Board of Fire and Police Commissioners (Board) and Fire Chief Anthony Maggio (Chief), seeking administrative review of his discharge. He alleged, without specificity, that the Board's decision was arbitrary and capricious, based on an erroneous interpretation of the law, and against the manifest weight of the evidence. Summons was served on defendants by certified mail.[1]

Neither the Board nor the Chief filed an appearance or answered the complaint. A copy of the administrative record was not filed within 35 days of the service of summons, as required by Supreme Court Rule 291 (134 Ill. 2d R. 291). Biscan filed a motion for default judgment. Notice of the motion was sent to defendants.

On January 31, 1994, Biscan appeared before the trial court on his motion. Neither the Board nor the Chief was represented at this hearing. The trial court entered an order granting Biscan a default judgment against both defendants for their failure to file an appearance and answer.

---

[1]In its brief on appeal, the Board reports that the summons was signed for by a Village inspector who had no connection with the Board, suggesting that it did not receive actual notice. This issue was never raised or addressed by the trial court. We will not consider it on review.

On February 28, 1994, the Chief filed an appearance. On March 4, 1994, he filed a motion to vacate the order of default.

On March 11, 1994, Biscan filed a motion requesting reinstatement, back pay, interest, attorney fees, and costs. The motion was noticed for hearing on March 18, 1994. On that date Biscan and the Chief appeared before the court. The Board still had not filed an appearance and was not represented at this hearing, although the Chief indicated that someone was supposed to appear for the Board. The hearing was continued to April 14, 1994.

On March 24, 1994, the Board filed an appearance in the matter without obtaining leave of court.

On April 14, 1994, hearing was held on the Chief's motion to vacate the default, the only matter scheduled to be heard that day. No one appeared on behalf of the Board. The Chief, however, advised the court that the attorney representing the Board intended to file the administrative record within a few days and that he (the Chief) would see to it that the record was filed without delay.

The court granted the Chief's motion to vacate the default and granted him leave to file the administrative record. The record was filed with the trial court on June 20, 1994.

Despite the fact that the default order was vacated as to the Chief, plaintiff's counsel pressed the court for a ruling on his motion for reinstatement and other relief against the Board. Although no witnesses were available to testify, counsel urged the court to accept Biscan's affidavit as proof. The affidavit indicated that, as a result of his termination, Biscan had lost $21,662.04 in wages, that prejudgment interest totaled $618.55, and costs and attorney fees totaled $224.04. Over the Chief's objection, the trial court entered a default judgment against the Board and granted the motion for reinstatement and all other relief, stating the following:

"You know, I've had cases—this is very unusual. I've had all kinds of villages in here, but Melrose Park seems to be operating on some other laws. Really. They don't come around. They don't— you know, they say, you know, see Joe, Joe's handling it, Pete's handling it. You know?

Judgment for the fireman."

Because the complaint against the Chief was pending, the court agreed to add Rule 304(a) (134 Ill. 2d R. 304) language to the order, to make it final and appealable.

On the same day the order was entered, the Board filed an emergency motion to vacate the default judgment granted against it. On April 15, 1994, hearing was held on the motion to vacate. The trial court denied the motion, saying:

"And your motion to vacate is denied for several reasons. One, there's no good cause shown. And secondly, even though you filed, he filed an appearance, he did so without leave of court."

The Board appeals from the trial court's denial of its motion to vacate the judgment of default.

OPINION

Our determination in this appeal is governed by the Administrative Review Law, as set forth in the Code of Civil Procedure (735 ILCS 5/3—101 *et seq.* (West 1992)).

■ Administrative review is a departure from common law. The procedures it establishes must be strictly adhered to. *Central States Trucking Co. v. Department of Employment Security* (1993), 248 Ill. App. 3d 86, 618 N.E.2d 430.

The Act provides that an administrative review action is commenced by the filing of a complaint and the issuance of summons in accordance with section 3—103. (735 ILCS 5/3—103 (West 1992).) It is the proper filing of this complaint against all necessary parties that vests the court with jurisdiction to review the agency decision. *Siciliano v. Illinois Racing Board* (1994), 264 Ill. App. 3d 1085, 637 N.E.2d 612.

Although all named defendants wishing to appear may do so by filing a written appearance within the time fixed by supreme court rule, the only answer that is required in an administrative review proceeding is the administrative agency's record. (*Lachenmyer v. Didrickson* (1994), 263 Ill. App. 3d 382, 636 N.E.2d 93; 735 ILCS 5/3—106 (West 1992).) The court has the power to issue any order that it deems necessary to obtain the administrative record for review. *Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 498, 539 N.E.2d 1243; 735 ILCS 5/3—111(a)(2) (West 1992).

■ The sole duty of the trial court in an administrative review action is to review the administrative record to determine whether the agency's decision is against the manifest weight of the evidence. *Polk v. Board of Trustees of the Police Pension Fund* (1993), 253 Ill. App. 3d 525, 624 N.E.2d 1366.

In the present case, the trial court was understandably disgruntled by the Board's failure to file a timely appearance or come to court. However, in order to conduct administrative review, the only answer that is necessary is the record of the administrative proceedings. (*Lachenmyer v. Didrickson* (1994), 263 Ill. App. 3d 382, 636 N.E.2d 93.) Since the trial court granted the Chief leave to file the administrative record, the court could have proceeded with administrative review once the record was filed, without the appearance of the Board.

In the alternative, the court could have issued an order requiring the Board to file whatever documentary evidence it felt was necessary for review. (*Mueller v. Board of Fire & Police Commissioners* (1994), 267 Ill. App. 3d 726, 643 N.E.2d 255; 735 ILCS 5/3—106 (West 1992).) The Board had been served with summons and was subject to the court's jurisdiction.

Although judgment of default generally may be entered for want of an appearance, a default judgment is a drastic measure, not to be encouraged and to be employed with great caution, only as a last resort. (*Lachenmyer v. Didrickson* (1994), 263 Ill. App. 3d 382, 636 N.E.2d 93.) Once a default judgment has been entered, the court, on motion made within 30 days, may exercise its discretion to set aside the order of default "upon any terms and conditions that shall be reasonable." (735 ILCS 5/2—1301(e) (West 1992).) The overriding consideration when deciding whether to vacate a default judgment, just as when deciding whether to enter a default order, is whether substantial justice is being done. *Northern Trust Co. v. American National Bank & Trust Co.* (1994), 265 Ill. App. 3d 406, 637 N.E.2d 658.

■ In this case the trial judge was mistaken when he denied the motion to vacate the default because "no good cause was shown." The test is one of judicial discretion and substantial justice.

Reversing the ruling of the Board without any review at all does not achieve substantial justice. The default judgment not only deprived the Board of its day in court, it also deprived the Chief of all of his rights, even though his motion to vacate the order of default was granted and the administrative record was about to be filed. After all, the Chief, as Biscan's employer, is the real interested party in this case. If the firing is reversed and Biscan reinstated, there is nothing left for the Chief to litigate.

We are mindful that this is not a private matter between private parties. In deciding whether to vacate the default judgment, the trial court should have considered the interests of the community, the public interest of the Village of Melrose Park in enforcing its employment rules, and the deference that is to be given to any administrative body.

The Board's motion, which was filed the same day that the default judgment was entered, was timely. The trial court knew that the administrative record was going to be filed. The court could have imposed reasonable terms or conditions for the vacation of the default. We find that the trial court abused its discretion when it denied the Board's motion to vacate the default judgment.

We have assumed without deciding that a default order can be

appropriate in an action under the Administrative Review Law. Neither the parties nor this court has found a case that so holds. We do not want to be understood as approving of or rejecting such an order.

Because we hold the motion to vacate the default order should have been granted, there is no need to address the Board's argument that the trial court exceeded its authority by granting Biscan's motion for reinstatement, back wages with interest, and attorney fees. We note, however, that the Administrative Review Law empowers a court of review to either affirm or reverse a board decision. No more than that. *Savaglio v. Board of Fire & Police Commissioners* (1984), 125 Ill. App. 3d 391, 465 N.E.2d 1065; *Kloss v. Board of Fire & Police Commissioners* (1982), 108 Ill. App. 3d 8, 438 N.E.2d 685.

CONCLUSION

For the reasons stated, we reverse the trial court's order denying the Board's motion to vacate the default judgment and we remand for further proceedings.

Reversed and remanded.

CAMPBELL, P.J., and BRADEN, J., concur.