NEW YORK CARPET WORLD, INC., Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—95—1325

Opinion filed September 4, 1996.

Sefarth, Shaw, Fairweather & Geraldson, of Chicago (J. Stephen Poor and Joseph S. Turner, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solic-

itor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellees Department of Employment Security and Loleta Didrickson.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, New York Carpet World, Inc., appeals from the circuit court of Cook County's dismissal of plaintiff's complaint seeking review of a decision of the Board of Review of the Department of Employment Security. Plaintiff argues that (1) the complaint sufficiently named the Board of Review as defendant; (2) the complaint should not have been dismissed because defendant Department was a misnomer for the Board of Review; and (3) the complaint could have been amended to add the Board of Review as defendant. We affirm.

## I. Facts

On June 25, 1991, the Board of Review issued a decision in the matter of Michael Halstead, claimant, and New York Carpet World, Inc., employer (appeal docket No. ABR—90—10467). The Board of Review found that defendant Michael Halstead was eligible for unemployment benefits.

On July 30, 1991, plaintiff filed an administrative-review complaint against defendants: the Department, Department Director Loleta A. Didrickson, and Michael Halstead. The first paragraph of complaint alleged that the Department had rendered its final administrative decision through its Board of Review.

On July 30, 1991, summonses for the complaint were issued. According to the proof of service, defendants were served on July 31, 1991, by registered mail, although the record indicates elsewhere that the summonses were mailed by certified mail.

The Illinois Attorney General filed a special and limited appearance for the Department and moved to quash the summons and to dismiss the Department. The Department argued that it did not issue the decision under review and that the Board of Review, which did issue the decision, was not named as defendant or served. An exhibit to the motion was a copy of the summons served on the Department, and it had the time stamp of the Board of Review for August 2, 1991.

The Department later filed a motion to dismiss for lack of subject matter jurisdiction.

Ninety days after the administrative decision was issued, on September 23, 1991, plaintiff filed a motion for leave to file an amended complaint to specifically identify the Board of Review as a defendant.

On January 13, 1995, the Department filed a motion to dismiss for want of prosecution or, in the alternative, for lack of subject matter jurisdiction.

On March 15, 1995, the trial court granted the motion to dismiss for lack of subject matter jurisdiction, denied plaintiff's motion for leave to file an amended complaint, and dismissed the complaint with prejudice.

Plaintiff appealed.

## II. Naming the Board of Review as Defendant

Plaintiff argues on appeal that it sufficiently named the Board of Review as defendant in compliance with section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—107).

■ The following summarizes the Administrative Review Law in effect in 1991, which was when the administrative-review complaint was filed and when the summonses were served. Actions to review final administrative decisions were to be "commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1991, ch. 110, par. 3—103. Summonses were to be served by registered or certified mail "on the administrative agency" and on each of the other defendants. Ill. Rev. Stat. 1989, ch. 110, par. 3—105. The administrative agency and all persons who were parties of record (other than plaintiff) were to be made defendants. Ill. Rev. Stat. 1989, ch. 110, par. 3—107. "Administrative agency" was defined to include a person, body of persons, or board, among others, having power to make administrative decisions. Ill. Rev. Stat. 1991, ch. 110, par. 3—101.

The first issue is whether the appropriate administrative agency was named as defendant and served in accordance with the Administrative Review Law.

The Board of Review of the Department of Employment Security was created by section 5 of the Civil Administrative Code of Illinois. 20 ILCS 5/5, 5.13i (West 1994); see also 820 ILCS 405/243 (West 1994). The Board of Review is empowered by the Unemployment Insurance Act to review appeals of decisions of referees. 820 ILCS 405/803 (West 1994)).

Plaintiff does not appear to dispute that the Board of Review was the administrative agency that had to be named as defendant and served. The Board of Review was the party that made the final administrative decision from which plaintiff is appealing. Whether or not the Board of Review is a division of the Department or a separate body, it is clear that it should have been made a defendant. *Cuny v. Annunzio*, 411 Ill. 613, 616-17, 104 N.E.2d 780 (1952).

In *Cuny*, an appeal was taken from the trial court's order confirming a decision of the Board of Review of the Department of Labor.

The Department Director moved to dismiss the appeal on the ground that appellants failed to join as defendants the Board of Review and the party who filed the claim for unemployment compensation. The court held that, while the Board of Review may be a division or arm of the Department of Labor that operated under a Director, the Board of Review made the administrative decision and was an administrative agency as defined in the administrative-review statute. *Cuny*, 411 Ill. at 616-17.

Plaintiff argues that the Board of Review was named in the body of the complaint, although not in the caption, and that therefore plaintiff complied with the requirement of section 2—401(c) of the Code of Civil Procedure (735 ILCS 5/2—401(c) (West 1994)) (the Code) that defendants be set forth in the body of the pleading. Plaintiff also argues that the Board of Review is part of the Department and is not a separate body and that the Board of Review was served because it ultimately received the complaint and summons that were directed to the Department.

■ The Administrative Review Law has been strictly interpreted to require that a defendant be named in the caption, and it is not sufficient to name a party in the body of the complaint. *Associated General Contractors v. Chun*, 245 Ill. App. 3d 750, 754-55, 615 N.E.2d 386 (1993). Even though the Board of Review was named in the body of the complaint, the fact remains that the Board of Review was not served. The Board of Review was not named in the summons, and it was not served, although it may have actually received a copy of the complaint and summons in the Department's internal mail system.

### III. Misnomer

Plaintiff next argues that defendant Department was a misnomer for the Board of Review and that the Board of Review received actual notice of the lawsuit although the process and complaint did not refer to Board of Review by its correct name.

■ Section 2—401(b) of the Code of Civil Procedure provides that "[m]isnomer of a party" is not a ground for dismissal and that "the name of any party may be corrected at any time." 735 ILCS 5/2—401(b) (West 1994). There is a distinction between a misnomer (serving a misnamed party) and serving the wrong person. See *Barbour v. Fred Berglund & Sons, Inc.*, 208 Ill. App. 3d 644, 648, 567 N.E.2d 509 (1990). We hold that plaintiff did not misname the Board of Review; rather, it served the Department instead of the Board of Review.

### IV. Adding Board of Review as Defendant After 35-Day Period

The next issue is whether section 2—616(d) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d)) allows amendment of a complaint

to add a defendant in an administrative-review action after the 35-day period for service of summons if, among other things, the failure to join the person was inadvertent and service was in fact had upon the person. There is no dispute that the complaint itself was filed within 35 days, but if the amendment was allowed, it would have resulted in adding the Board of Review as a defendant after the 35-day period.

■ Section 2—616(a) of the Code permits amendments on just and reasonable terms at any time before final judgment. 735 ILCS 5/2—616(a) (West 1994). Section 2—616(d) provides that an action against a person "not originally named a defendant" is not barred by lapse of time if certain conditions are met, including that failure to join the person as a defendant was "inadvertent." 735 ILCS 5/2—616(d)(2), (d)(3) (West 1994).

Many appellate cases and a supreme court decision have barred the addition of an administrative agency after the 35-day period.

In *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 549 N.E.2d 1266 (1990), a police officer filed a petition for administrative review after he was discharged. The officer named the board and its individual members as defendants and served them but did not name the police superintendent as a defendant or serve him. The trial court dismissed the complaint without leave to amend. The supreme court found the following. The superintendent had to be named as a defendant, and the action for administrative review was barred because the superintendent was not named and a summons was not issued to him within the 35-day period. *Lockett*, 133 Ill. 2d at 354. The requirement that a complaint be filed within 35 days was jurisdictional, while the 35-day period for issuance of summons was mandatory and not jurisdictional. *Lockett*, 133 Ill. 2d at 354-55. One had to show a good-faith effort to issue summons within the 35-day period. *Lockett*, 133 Ill. 2d at 355. Where the good-faith effort exception had been applied to relax the 35-day requirement, there was some circumstance beyond plaintiff's control that resulted in the summons not being issued within the statutory period. *Lockett*, 133 Ill. 2d at 355. The police officer did not offer any evidence of a good-faith effort to comply with the requirements of the Administrative Review Law. *Lockett*, 133 Ill. 2d at 355.

*Lockett*, 133 Ill. 2d at 356, overruled cases that permitted the failure to name and issue summons against necessary parties within the 35-day period to be cured by subsequent amendment: *Bradshaw v. Barnes*, 145 Ill. App. 3d 866, 496 N.E.2d 276 (1986), and *Dendor v. Board of Fire & Police Commissioners*, 11 Ill. App. 3d 582, 297 N.E.2d 316 (1973). *Lockett* did not explicitly address the availability of sec-

tion 2—616 to amend a complaint to add a defendant inadvertently omitted, but section 2—616(a) was the basis in the overruled *Bradshaw* decision for permitting the addition of a necessary party.

In *Bradshaw*, 145 Ill. App. 3d 866, 496 N.E.2d 276, plaintiff appealed from the determination of the Board of Review of the Department of Employment Security that he was not eligible for unemployment benefits. Plaintiff's complaint named only the chairman of the Board as defendant and not the Director and the employer. The trial court dismissed the complaint and denied plaintiff's motion to amend the complaint. The appellate court found that section 2—616(a) permitted amendments to add necessary parties after the 35-day period. *Bradshaw*, 145 Ill. App. 3d at 868. The court noted that section 1—108 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1—108) provided that the Civil Practice Law, which included section 2—616(a), applied to proceedings unless otherwise stated. *Bradshaw*, 145 Ill. App. 3d at 871. The court held that the Administrative Review Law did not negate the application of section 2—616(a). *Bradshaw*, 145 Ill. App. 3d at 871. Section 2—616(d) was not at issue in the case. *Bradshaw*, 145 Ill. App. 3d at 870.

In *Dendor*, the other case overruled by *Lockett*, a fireman appealed from the decision of the Board of Fire and Police Commissioners of the Village of Northbrook discharging him. Plaintiff did not name the fire marshal of the village in the complaint, and the clerk did not serve the board with summons by sending it a copy to its main address. The trial court allowed plaintiff to file an amended complaint joining additional parties with alias summons to issue. The appellate court interpreted the Administrative Review Law as not requiring the joinder of necessary parties within the 35-day limitation for filing of the complaint. *Dendor*, 11 Ill. App. 3d at 587. The court referred to the statement in the Administrative Review Law that the form of summons and issuance of alias writs shall be according to rules of the Illinois Supreme Court. *Dendor*, 11 Ill. App. 3d at 587. The court did not address the issue of the applicability of section 2—616 to the Administrative Review Law.

Numerous cases decided after *Lockett* have not permitted amendments after the 35-day period to add administrative-agency defendants. *E.g., Stanley v. Department of Employment Security*, 235 Ill. App. 3d 992, 602 N.E.2d 73 (1992); *Shaw v. Department of Employment Security*, 243 Ill. App. 3d 844, 612 N.E.2d 919 (1993); *Associated General Contractors v. Chun*, 245 Ill. App. 3d 750, 754, 615 N.E.2d 386 (1993); *Central States Trucking Co. v. Department of Employment Security*, 248 Ill. App. 3d 86, 618 N.E.2d 430 (1993).

■ Plaintiff argues that *Lockett* is distinguishable because it did

not decide whether section 2—616(d) was available in administrative-review actions and because it pertained only to the addition of parties not previously named or served. *Lockett* is not distinguishable on the latter ground because plaintiff in the present case did not name the Board of Review and because the naming of the Department was not a misnomer. *Lockett* did not specifically address section 2—616(d), but its overruling of *Bradshaw* by implication indicates the unavailability of section 2—616. Even if *Lockett* did not decide by implication the availability of section 2—616(d), we find that the specific requirement that an administrative-review summons issue against required defendants within 35 days controls over the more general Code section 2—616(d) permitting the addition of defendants. See *People v. Villarreal*, 152 Ill. 2d 368, 379, 604 N.E.2d 923 (1992) (specific statutory provision controls over general statutory provision relating to same subject).

## V. Conclusion

Unless review is sought in the manner provided in the Administrative Review Law, the parties "shall be barred from obtaining judicial review." Ill. Rev. Stat. 1991, ch. 110, par. 3—102. As plaintiff did not comply with the service requirement and did not timely amend its complaint to add the Board of Review as a defendant, plaintiff could not proceed with its complaint. The trial court did not err in dismissing the complaint without leave to amend.

The judgment of the trial court is affirmed.

Affirmed.

TULLY, P.J., and RIZZI, J.,[1] concur.

---

[1] Justice Rizzi participated in this case prior to his retirement.