KATHERINE FEDOREV, Plaintiff-Appellant, v. LYNN Q. DOHERTY, Director of the Department of Employment Security, *et al.*, Defendants-Appellees.

Second District   No. 2—98—0911

Opinion filed June 4, 1999.

Darlene D. Soderberg and Harold L. Turner, both of Harold L. Turner & Associates, P.C., of Rockford, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Diane M. Buschmann, Assistant Attorney General, of counsel), for appellee Lynn Q. Doherty.

Ellen B. Lynch and Joseph J. Perkoski, both of Hinshaw & Culbertson, of Rockford, for appellee W.A. Whitney Company.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Katherine Fedorev, appeals the June 12, 1998, order of the circuit court of Boone County denying her motion to reconsider the dismissal of her complaint for administrative review. The trial court dismissed the complaint on the basis that the plaintiff failed to name the Board of Review of the Illinois Department of Employment Security as a defendant. On appeal, the plaintiff argues that, by naming the director of the Illinois Department of Employment Security (IDES) as a defendant, her complaint should be deemed to have

included the Board of Review as a defendant pursuant to section 3—107(a) of the Administrative Review Law (Review Law). 735 ILCS 5/3—107(a) (West 1996). We affirm the trial court's dismissal.

The following facts are taken from the record. From August 4, 1986, to February 10, 1997, the plaintiff worked for defendant W.A. Whitney Company (Whitney) as a secretary. In November 1995, the plaintiff filed a workers' compensation claim against Whitney, alleging that she had developed bilateral carpal tunnel syndrome. Between December 30, 1996, and February 10, 1997, the plaintiff engaged in settlement negotiations regarding her claim.

On February 10, 1997, Whitney terminated the plaintiff's employment because she had allegedly used confidential information regarding another employee's worker's compensation settlement to procure a larger settlement for herself. The plaintiff subsequently applied for unemployment insurance benefits. However, Whitney filed a complaint with the IDES, arguing that the plaintiff was ineligible to receive such benefits as she had been terminated for misconduct.

On March 8, 1997, following a hearing, a representative of the IDES determined that the plaintiff was disqualified from receiving unemployment compensation benefits as she had been terminated for committing a breach of confidentiality. On April 16, 1997, a referee from the appellate division of the IDES affirmed the March 8, 1997, determination. On May 19, 1997, the plaintiff filed an appeal with the Board of Review (the Board).

On July 16, 1997, the Board affirmed the referee's decision, finding the plaintiff ineligible to receive unemployment insurance benefits. On August 20, 1997, the plaintiff filed a complaint for administrative review of the Board's determination. The plaintiff named Whitney and IDES Director Lynn Q. Doherty as defendants.

On September 25, 1997, defendant Doherty filed a motion to dismiss for lack of subject matter jurisdiction. On January 29, 1998, following a hearing, the trial court granted Doherty's motion and dismissed the complaint with prejudice. The trial court explained its ruling as follows:

"The Court finds that the Director of the [IDES] does not head, direct, supervise nor [sic] control the Board of Review of the [IDES].

* * *

Therefore, naming the Director of the [IDES], is deemed to include only the [IDES] and not the Board of Review of the [IDES]."

The plaintiff subsequently filed a motion for reconsideration and a motion for leave to file an amended complaint. On June 12, 1998, fol-

lowing oral argument, the trial court denied both motions. On July 10, 1998, the plaintiff filed a timely notice of appeal.

The issue before us is whether the plaintiff's failure to name and serve the Board of Review in her complaint deprived the trial court of subject matter jurisdiction. The plaintiff contends that the trial court erred in dismissing her complaint. She notes that section 3—107(a) of the Review Law (735 ILCS 5/3—107(a) (West 1996)) provides that naming the director of the administrative agency that issued the final decision will be deemed to include the administrative agency that the named defendant directs or heads. She further notes that section 1100 of the Unemployment Insurance Act (820 ILCS 405/1100 (West 1996)) provides as follows:

> "Any decision of the Board of Review *** shall be reviewable only under and in accordance with the provisions of the [Review Law] ***. The Director shall be deemed to have been a party to any administrative proceeding before the Board of Review and shall be represented by the Attorney General in any judicial action involving any such decision."

Based upon the language of these statutes, the plaintiff argues that the Board was included as a defendant in her complaint, as she named the IDES Director as a defendant.

The defendants contend that the trial court properly dismissed the plaintiff's complaint, as Doherty was neither the head nor the director of the Board. Doherty notes that the following individuals were members of the Board when it issued its July 16, 1997, determination: Rolland Lewis, John Cashman, Stanley Mucha, and Jon Walker. On that date, Lewis served as the chairman of the Board. Doherty contends that, if the plaintiff had named Lewis as a defendant, only then would the Board have been deemed to be included as a defendant under the Review Law. In support of their contention, the defendants cite section 44a of the Civil Administrative Code of Illinois (the Code) (20 ILCS 1005/44a (West 1996)). Section 44a provides in pertinent part:

> "The Board of Review in the [IDES] shall exercise all powers and be subject to all duties conferred or imposed upon said Board by the provisions of the Unemployment Compensation Act *** *without any direction, supervision, or control by the Director of Employment Security.*" (Emphasis added.) 20 ILCS 1005/44a (West 1996).

The defendants argue that, because Doherty is the director of an administrative entity that is separate from the Board, the trial court properly dismissed the plaintiff's complaint for failing to name the proper party.

■ Generally, in unemployment compensation cases, the function

of the appellate court is to determine whether the Board's findings of fact are supported by the manifest weight of the evidence. *Hawkins v. Department of Employment Security*, 268 Ill. App. 3d 927, 930 (1994). However, where a question of law arises, as is the case here, a *de novo* standard of review shall apply. *Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181*, 299 Ill. App. 3d 548, 551 (1998).

■ The primary rule of statutory construction is to ascertain and give effect to the legislative intent. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). To determine that intent, we must first look to the language of the statute, which is given its plain and ordinary meaning. *In re R.L.*, 282 Ill. App. 3d 839, 847 (1996). We must also consider all parts of the statute together and give every word or phrase some reasonable meaning. *Thomas Hake Enterprises, Inc. v. Betke*, 301 Ill. App. 3d 176, 185 (1998).

■ Section 1100 of the Unemployment Insurance Act states unambiguously that the Board's determinations shall be reviewable only under and in accordance with the Review Law. 820 ILCS 405/1100 (West 1996). The Review Law is a departure from the common law, and parties seeking its application must adhere strictly to its procedures. *Central States Trucking Co. v. Department of Employment Security*, 248 Ill. App. 3d 86, 88 (1993).

■ Section 3—107(a) of the Review Law provides in pertinent part:

> "(a) Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants. *** *Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section.*" (Emphasis added.) 735 ILCS 5/3—107(a) (West 1996).

■ In the case at bar, we believe that the trial court properly dismissed the plaintiff's complaint. Our supreme court has held that, while the Board may be a division or arm of the IDES that operates under the superintendence of a director, "it is the Board which act[s] as the administrative agency and enter[s] the administrative decision." *Cuny v. Annunzio*, 411 Ill. 613, 617 (1952); *Stanley v. Depart-*

*ment of Employment Security*, 235 Ill. App. 3d 992, 995 (1992). Therefore, when a claimant seeks administrative review of the denial of unemployment compensation, the Board is the "administrative agency" from which the plaintiff must seek administrative review. See *Cuny*, 411 Ill. at 616. Although section 3—107 of the Review Law was amended following the supreme court's ruling in *Cuny*, we note that the Board continues to be the final decision-making agency on questions of unemployment benefit eligibility. See 820 ILCS 405/803 (West 1996).

The plaintiff's complaint specifically sought review of the Board's determination. However, the plaintiff did not name the Board or its members as defendants. Instead, the plaintiff named Whitney and the IDES Director as defendants. The plain language of section 3—107(a) provides that the naming of the director or agency head shall be deemed to include as defendant the administrative agency that the named defendant directs or heads. See 735 ILCS 5/3—107(a) (West 1996).

The question becomes whether Doherty "directs or heads" the Board of Review. Although Doherty is the Director of the IDES, section 44a of the Code provides that the Board shall exercise all powers and be subject to all duties conferred upon it by the provisions of the Unemployment Compensation Act *"without any direction, supervision, or control by the Director of Employment Security"* (emphasis added) (20 ILCS 1005/44a (West 1996)). The plain language of section 44a of the Code indicates that, although Doherty is the Director of the IDES, Doherty does not direct the Board.

Notwithstanding the plain language of section 44a, the plaintiff contends that Doherty is still the "head" of the Board, even though she does not direct, supervise, or control the Board. We disagree. The Board issued its July 16, 1997, determination without any direction, control, or supervision by Doherty. The only signatures that appeared on the July 16, 1997, determination by the Board belonged to chairman Lewis, and members Cashman, Mucha, and Walker. Although the Director is deemed a party to the administrative proceeding before the Board (820 ILCS 405/1100 (West 1996)), the Board is the administrative agency from which the plaintiff must seek administrative review. See *Cuny*, 411 Ill. at 616. While Doherty may act as the "head" of the IDES (see 20 ILCS 5/4 (West 1996)), we do not believe that Doherty is the "head" of the Board. We therefore conclude that naming the Director of the IDES does not deem the Board to be included as a defendant under section 3—107(a) of the Review Law.

For her final argument, the plaintiff contends that the trial court's order dismissing her complaint contravenes the legislative intent of

section 3—107(a) of the Review Law. In support of her contention, the plaintiff cites *Bunnell v. Civil Service Comm'n*, 295 Ill. App. 3d 97 (1998), wherein this court provided in pertinent part:

"We believe that the obvious intent of the legislative amendment [to section 3—107] is to reduce the possibility of error in naming and serving individuals who are acting in their official capacities as employees, agents, or members of the administrative agency or governmental entity and to avoid the harsh result of dismissing the complaint where the agency or entity has been named and served. The implication of the amendment is that naming and serving the agency or entity constitutes the joinder of and service on its individual agents, employees, or members." *Bunnell*, 295 Ill. App. 3d at 101.

In addition, the plaintiff cites *Lacny v. Police Board*, 291 Ill. App. 3d 397 (1997), to support her contention that the trial court's decision prevents those plaintiffs who have been "aggrieved" by decisions of the Board from taking advantage of the provisions of the Review Law.

However, we find *Bunnell* and *Lacny* distinguishable from the case at bar. In *Bunnell*, the trial court dismissed a patrolman's complaint for administrative review of a decision by the Civil Service Commission of Waukegan because the patrolman failed to name the individual members of the commission. *Bunnell*, 295 Ill. App. 3d at 98. However, unlike the instant case where the plaintiff failed to name either the Board or its members, the patrolman in *Bunnell* named the commission as a defendant. *Bunnell*, 295 Ill. App. 3d at 98. In *Lacny*, the reviewing court did not address the issues raised by the plaintiff herein. Instead, the reviewing court in *Lacny* held that a different section of the Review Law violated the constitutional proscription against special legislation and denied the plaintiff equal protection of the law. *Lacny*, 291 Ill. App. 3d at 409. Specifically, the *Lacny* court determined that section 3—103 of the Review Law denies plaintiffs who file complaints in Chicago the privilege of amending their timely filed complaints. *Lacny*, 291 Ill. App. 3d at 408. As *Bunnell* and *Lacny* are distinguishable from the case at bar, we reject the plaintiff's argument.

For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

INGLIS and RAPP, JJ., concur.