DARRYL VEAZEY, Plaintiff-Appellant, v. LINDA RENEE BAKER, Director, the Department of Employment Security, *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—99—3240

Opinion filed May 16, 2001.

Law Offices of Aron D. Robinson, of Chicago (Aron D. Robinson, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

In this administrative review action, plaintiff, Darryl Veazey, appeals the order of the circuit court dismissing his complaint which challenged the decision of defendants, the Illinois Department of Employment Security (the Department) and the Department's Director, Linda Renee Baker, finding him ineligible for unemployment insurance benefits following his discharge from defendant, Tele-Communications, Inc. In his complaint, plaintiff named, among others not relevant to this appeal, the Department and its Director. The complaint, however, did not name the Department's Board of Review (the Board), which issued the formal decision denying plaintiff's benefit request. Upon the motion of the Department and its Director, the circuit court dismissed plaintiff's complaint for want of subject matter jurisdiction due to plaintiff's failure to name the Board as a defendant. The court thereafter denied plaintiff's request for leave to amend the complaint to add the Board as an adverse party. On appeal, plaintiff asserts error in both the court's decisions dismissing his complaint and denying him the opportunity to file an amended pleading. For the following reasons, we affirm.

Generally, in unemployment compensation cases, the function of this court is limited to determining whether the Board's decision denying the claimant benefits is supported by the manifest weight of

the evidence. *Fedorev v. Doherty*, 305 Ill. App. 3d 355, 358-59, 711 N.E.2d 1223, 1225 (1999). However, in this case, we are principally concerned with whether the dismissal of plaintiff's complaint for administrative review was warranted. Since this issue presents solely a question of law, we will apply a *deno vo* standard of review. *Fedorev*, 305 Ill. App. 3d at 359, 711 N.E.2d at 1225.

█ Section 3—102 of the Administrative Review Law (the Act) explicitly conditions review of an administrative decision upon compliance with its provisions:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1998).

Indeed, as our supreme court has noted, the Act is a departure from the common law and, as such, its provisions must be strictly adhered to by the parties. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30, 727 N.E.2d 1022, 1025 (2000); *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11, 486 N.E.2d 893 (1985); see also *Biscan v. Village of Melrose Park Board of Fire & Police Commissioners*, 277 Ill. App. 3d 844, 847, 661 N.E.2d 424, 427 (1996). Because administrative review actions involve the exercise of special statutory jurisdiction, the court's power to hear such cases is limited to the language of the Act, and if the prescribed statutory procedure is not strictly followed, no jurisdiction can be invoked. *ESG Watts*, 191 Ill. 2d at 30, 727 N.E.2d at 1025; *Allord v. Municipal Officers Electoral Board*, 288 Ill. App. 3d 897, 900, 682 N.E.2d 125, 128 (1997).

█ In addition to requiring a complaint for review to be filed within 35 days from the date a copy of the decision sought to be reviewed was served on the appealing party (735 ILCS 5/3—103 (West 1998)), section 3—107(a) of the Act specifies that the complaint must name "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *** [as] defendants." 735 ILCS 5/3—107(a) (West 1998). As stated by our supreme court, "[t]his requirement is mandatory and specific, and admits of no modification." *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354, 549 N.E.2d 1266, 1268 (1990). Service of summons is required on all party-defendants within the same 35-day period in which the complaint for review is to be filed. 735 ILCS 5/3—103 (West 1998).

█ The law is undisputed that the Board is a necessary party to any administrative review action in which the denial of a claim for

unemployment insurance benefits is challenged. While the Board may be a division or arm of the Department that operates under the superintendence of a director, it is the body that is deemed to issue the administrative decision that is subject to the review process and is, therefore, the "administrative agency" as that term is defined by the Act. 735 ILCS 5/3—102 (West 1998); *Cuny v. Annunzio*, 411 Ill. 613, 617, 104 N.E.2d 780, 782 (1952); *Fedorev*, 305 Ill. App. 3d at 359, 711 N.E.2d at 1226; *New York Carpet World, Inc. v. Department of Employment Security*, 283 Ill. App. 3d 497, 500, 669 N.E.2d 1321, 1323 (1996); *Shaw v. Department of Employment Security*, 243 Ill. App. 3d 844, 846-47, 612 N.E.2d 919, 920 (1993); *Stanley v. Department of Employment Security*, 235 Ill. App. 3d 992, 995, 602 N.E.2d 73, 75 (1992). Hence, when relief is sought from an adverse decision involving a claim for unemployment compensation benefits, the Board is the "administrative agency" from which the plaintiff must seek review. *Fedorev*, 305 Ill. App. 3d at 360, 711 N.E.2d at 1226; *New York Carpet World*, 283 Ill. App. 3d at 500, 669 N.E.2d at 1323; *Stanley*, 235 Ill. App. 3d at 995-96, 602 N.E.2d at 75.

Plaintiff does not contest that the Board was a necessary party to his review action. Rather, plaintiff contends his failure to join the Board is not jurisdictional and, accordingly, the circuit court's determination that it lacked the authority to consider the complaint was erroneous.

■ While some decisions have deemed the failure to name a necessary party under section 3—107(a) a jurisdictional defect that will preclude a court from considering a complaint for administrative review (see *Biscan*, 277 Ill. App. 3d at 847, 661 N.E.2d at 427 ("[i]t is the proper filing of [the] complaint against all necessary parties that vests the court with jurisdiction to review the agency decision"); *Central States Trucking Co. v. Department of Employment Security*, 248 Ill. App. 3d 86, 88, 618 N.E.2d 430, 432 (1993) (noting strict compliance with the Act's provisions, including section 3—107, is necessary before the circuit court has power to consider complaint for review); *Associated General Contractors v. Chun*, 245 Ill. App. 3d 750, 754, 615 N.E.2d 386, 389 (1993) ("[a] plaintiff must name the necessary parties as defendants in its complaint for administrative review within the 35-day time limit or the court is deprived of subject-matter jurisdiction" (emphasis omitted)); *Strang v. Department of Transportation*, 206 Ill. App. 3d 368, 370-71, 564 N.E.2d 261, 263 (1990) (holding that the plaintiff's failure to name the necessary parties in a timely manner deprived the circuit court of subject matter jurisdiction)), our supreme court has avoided such a characterization, instead holding that the effect of noncompliance with the joinder requirements of sec-

tion 3—107(a), regardless of its label, requires dismissal of the review proceeding. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 11, 649 N.E.2d 404, 409-10 (1995) (finding that Department of Human Rights was a necessary party to review action and that plaintiffs' failure to name the Department in their complaint required dismissal); *Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268 (holding the plaintiff's failure to include the superintendent of police, who was a necessary party, as a defendant in the complaint mandated dismissal of the action). As explained by the court, the failure to join all necessary parties is no less serious for being nonjurisdictional. *McGaughy*, 165 Ill. 2d at 11, 649 N.E.2d at 410. As *McGaughy* and *Lockett* make clear, the characterization of plaintiff's failure to name the Board here as jurisdictional or nonjurisdictional is of no consequence since the result of plaintiff's noncompliance with section 3—107(a) is the same in either case—dismissal of his complaint.

■ Alternatively, plaintiff argues that naming the Director in her official capacity as the head of the Department was sufficient to join the Board under the Act. In support of his position, plaintiff cites to the portion of section 3—107(a) that provides:

> "Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity *that the named defendants direct or head*. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, had been named as a defendant as provided in this Section." (Emphasis added.) 735 ILCS 5/3—107(a) (West 1998).

Based on the above language, plaintiff asserts that the naming of the Department's Director as a defendant excused his failure to also name the Board.

The same contention posited by plaintiff here has previously been rejected by the court in *Fedorev*. There, the court considered whether the Director of the Department "directs or heads" the Board as contemplated by section 3—107(a). In finding that the Director does neither, the court relied on section 44a of the Civil Administrative Code of Illinois (20 ILCS 1005/44a (West 1998)), which provides in relevant part that the Board "shall exercise all powers and be subject to all duties conferred or imposed upon [it] by the provisions of the Unemployment Compensation Act *** *without any direction*, supervision, *or control by the Director of Employment Security*." (Emphasis added.) Relying on the plain language of this section, the court held that the Director, while the head of the Department, does not direct or

head the Board for purposes of section 3—107(a). *Fedorev*, 305 Ill. App. 3d at 360, 711 N.E.2d at 1226.

We agree with the analysis of the *Fedorev* court and conclude that the naming of the Director in plaintiff's complaint in this case is likewise insufficient to include the Board as a defendant. As previously stated, the Board is the relevant administrative agency for purposes of seeking review under the Act and, while it may be deemed a part of the Department, it is, in essence, a separate and distinct entity for purposes of filing an action for review under the Act. Additionally, the record here, as the record demonstrated in *Fedorev*, shows that the Department's Director had no part in the Board's determination regarding plaintiff's eligibility for unemployment compensation. While naming the Director in her official capacity would have been sufficient to include the Department as a defendant if the complaint had in fact not named the Department, it is inadequate to join the Board as a party.

■ In addition to failing to properly join the Board, plaintiff further failed to comply with the Act's requirements concerning service of summons. The record is undisputed that the Board was not served with summons in the manner and within the time period set forth in sections 3—103 and 3—105.

The supreme court in *Lockett* held that, absent a good-faith effort on the part of the plaintiff to name and serve a necessary party as required by the Act, dismissal of the complaint for review, without granting the plaintiff leave to amend, is required. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1269. There, the court affirmed the dismissal of the plaintiff's complaint where the plaintiff failed to name and serve the superintendent of the Chicago police department, who was deemed a necessary party by the court. Because the plaintiff had not offered, and since the record did not disclose, any evidence of a good-faith effort to comply with the Act's requirements, the court held that the plaintiff's complaint was properly dismissed without affording the plaintiff the opportunity to file an amended pleading. *Lockett*, 133 Ill. 2d at 355-56, 549 N.E.2d at 1268-69; see also *Stanley*, 235 Ill. App. 3d at 996-97, 602 N.E.2d at 75-76 (concluding that absence of evidence indicating that the plaintiff's failure to name and serve the Board of Review of the Department of Employment Security compelled affirmance of order dismissing complaint for administrative review).

As in *Lockett* and *Stanley*, plaintiff has not offered, nor does the record disclose, any evidence demonstrating a good-faith effort on the part of plaintiff to name and serve the Board in accordance with the Act. Plaintiff offers no reasonable explanation for failing to join the Board as a defendant in the complaint. Undoubtedly, plaintiff's failure

to timely serve the Board with summons stemmed from his failure to join the Board in the first instance. "The failure *** to [properly] name a necessary party as a defendant cannot be said to excuse the timely service of summons or otherwise constitute a good-faith effort in complying with the statute where *** the law clearly required the Board [of Review of the Department] to be named as a defendant." *Stanley*, 235 Ill. App. 3d at 997, 602 N.E.2d at 76. The lack of evidence of a good-faith effort on plaintiff's behalf is fatal to plaintiff's complaint for administrative review and, thus, compels dismissal without leave to amend.

■ In a final attempt to defeat the effect of his failure to comply with the Act, plaintiff claims the Department and its Director should be estopped from pursuing dismissal of his complaint. In support of his contention, plaintiff notes that the caption of the Board's written decision reads, in descending order, "State of Illinois, Department of Employment Security, Board of Review." According to plaintiff, this caption induces reliance and causes "anyone to believe" that the Department, and not the Board, is the administrative agency that must be joined in any action filed under the Act.

We do not believe plaintiff may rely on the estoppel doctrine in this case. As explained by our supreme court, strict compliance with the Act's provisions is mandated. Consequently, plaintiff was required to name all necessary parties in his complaint. Despite the well-settled law in existence at the time plaintiff commenced his action which clearly held that the Board is the relevant administrative agency and, thus, a necessary party to any action filed for administrative review, plaintiff failed to join the Board in his complaint. Plaintiff, as a direct result, further failed to timely serve the Board with summons. Plaintiff's claim of estoppel cannot negate his noncompliance with the Act. See *Chun*, 245 Ill. App. 3d at 754-55, 615 N.E.2d at 390 (rejecting the plaintiff's claim that the Department of Employment Security and its Director were estopped from challenging his pleading where the plaintiff failed to name and serve the Department as expressly required by the Act). In any event, plaintiff has never asserted that he substantively relied on the Board's caption in determining which parties needed to be named as defendants in his complaint and, therefore, has failed to satisfy the necessary elements for application of the estoppel doctrine. See *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 893, 637 N.E.2d 1110, 1114 (1994) ("'[t]o invoke equitable estoppel against a [public body] there must be an affirmative act on the part of the [public body] and the inducement of substantial reliance by the affirmative act'").

For the following reasons, we affirm the dismissal of plaintiff's

complaint for administrative review without leave to amend to add the Board as a party-defendant.

Affirmed.

HALL, P.J., and BURKE, J., concur.