FIFTH DIVISION

February 11, 1999

No. 1-97-2622

THOMAS FRAGAKIS,                        )  Appeal from the

)  Circuit Court of

Plaintiff-Appellant,     )  Cook County.

)

v. ) 

)  

THE POLICE AND FIRE COMMISSION OF THE   )

VILLAGE OF SCHILLER PARK,    )  Honorable

)  Michael B. Getty,  

Defendant-Appellee. )  Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Thomas Fragakis, a Schiller Park police sergeant, appeals from the dismissal of his complaint for administrative review of the five-day suspension imposed on him by the Board of Fire and Police Commissioners of the Village of Schiller Park (Board).  Plaintiff argues that the circuit court erred in dismissing his complaint because of his failure to name the individual members of the Board and the chief of the Schiller Park police (Chief) as parties in his complaint for administrative review.

We reverse and remand by reason of the recent amendment to the Administrative Review Law (735 ILCS 5/3--103, 3--107(a) (West 1996) (as amended by Pub. Act 89-685, §25, eff. June 1, 1997)) and by judicial pronouncements seeking to bring peace to the dangerous minefield created by 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349 (1990).

Plaintiff initially received a one-day suspension by the Chief on October 2, 1996, for various infractions of police rules.  Upon review of that determination, the Board determined on December 17, 1996, that plaintiff should be suspended for five days.  The Board's order recited that the Chief initially suspended plaintiff and had appeared at the hearing through counsel.  The order also named the chairman and two Board members who heard the testimony of witnesses on review of the Chief's decision, although the order was only signed by the Board's chairman.  When plaintiff filed his complaint for administrative review of the Board's decision, he named and served only the Board.  He did not name or serve any of the individual Board members, nor did he name or serve the Chief. 

The Board moved to dismiss plaintiff's complaint for lack of jurisdiction because the complaint failed to identify the individual Board members and the Chief as defendants.  At the hearing on the motion, plaintiff contended that he was not required to name the Chief and the individual Board members because they were not parties of record or necessary parties.  However, plaintiff also asked the court for 21 days to name any additional parties that the court deemed necessary.  The court granted the motion to dismiss, ruling that the Board members and the Chief were parties of record to the proceedings and plaintiff was required to name them.  Because the parties were named in the final order, the court stated that plaintiff could not file an amended complaint to add these parties as defendants.  Plaintiff appeals, arguing that the circuit court erred in granting the dismissal for lack of jurisdiction and erred in denying plaintiff leave to file an amended complaint.

Section 3--102 of the Administrative Review Law (the Act) (735 ILCS 5/3--102 (West 1996)) provides:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision."

Section 3--103 of the Act (735 ILCS 5/3--103 (West 1996)) requires that every action for review of a final administrative decision be commenced by filing a complaint and issuing a summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision.

At the time of the filing of plaintiff's complaint, section 3--107(a) of the Act stated in pertinent part:

"(a)  Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants.

If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant.  The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require."  735 ILCS 5/3-107(a) (West 1996).

In light of this section, the Board contends that plaintiff's complaint was properly dismissed for failing to name and serve the individual Board members and the Chief as defendants.  

In 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349 (1990), a Chicago police officer failed to name the superintendent of police in his complaint for administrative review of a decision of the Chicago police board.  The Illinois Supreme Court held that the superintendent was a necessary party to the action under a prior version of section 3--107 (Ill. Rev. Stat. 1985, ch. 110, par. 3--107).  
Lockett
, 133 Ill. 2d at 354.  The court stated that the Act's procedural requirements must be strictly adhered to because the Act is a departure from common law.  
Lockett
, 133 Ill. 2d at 353.  Under section 3--103, the requirement that a complaint be filed within the 35-day limit is jurisdictional and if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review is barred.  
Lockett
, 133 Ill. 2d at 354-55.  The 35-day period for issuance of summons, on the other hand, is a mandatory requirement rather than jurisdictional.  The court ruled that the complaint for judicial review filed by the police officer was properly dismissed where the superintendent was a necessary party, but the officer failed to name and serve the superintendent within the 35-day time period.  
Lockett
, 133 Ill. 2d at 354.  This court later explained that although section 3--107 does not specify a time limit for naming all necessary defendants, it interrelates with section 3--

103's requirement to issue summons within 35 days and section 3--

105's requirement to serve summons on each of the defendants.  
Zientara v. Lottery Control Board
, 214 Ill. App. 3d 961, 970 (1991), citing Ill. Rev. Stat. 1987, ch. 110, pars. 3--103, 3--

105, 3--107.

After 
Lockett
, the General Assembly amended section 3--103 of the Act to include an exception that provides as follows:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision, 
except that in municipalities with a population of 500,000 or less a complaint filed within the time limit established by this Section may be subsequently amended to add a police chief or a fire chief in cases brought under the Illinois Municipal Code's provisions providing for the discipline of fire fighters and police officers.
***

***

This amendatory Act of 1993 applies to all cases involving discipline of fire fighters and police officers pending on its effective date and to all cases filed on or after its effective date."  (Emphasis added.)  735 ILCS 5/3--103 (West 1994) (as amended by Pub. Act 88-110, §5, eff. July 20, 1993).

This amendment superseded the 
Lockett
 ruling by providing an exception to the Act's requirements where a party fails to name and serve a police chief or a superintendent.  Under this amended section, the circuit court would not be deprived of jurisdiction where a petitioner fails to name a police chief, but could allow an amendment to a petition to include a police chief if the other statutory requirements were satisfied.  Indeed, in 
Lacny v. Police Board
, 291 Ill. App. 3d 397, 403 (1997), this court stated that the amendment alleviated the harsh result of 
Lockett
, so that timely filed complaints that were defective merely because they failed to name the police chief or a fire chief could now be amended.  The 
Lacny
 court struck the portion of the statute that limited its application to cases in municipalities with a population of 500,000 or less as constitutionally invalid, but applied the remaining portion of the statute and concluded that the circuit court erred in dismissing a policeman's complaint for administrative review and in denying the policeman leave to amend his complaint where he had failed to name the superintendent of police.  
Lacny
, 291 Ill. App. 3d at 409-10.

The General Assembly enacted amendments to section 3--107 that became effective on June 1, 1997.  As amended, the statute contains the proviso:

"No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section.  Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head.  No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section."  735 ILCS 5/3-107(a) (West 1996) (as amended by Pub. Act 89-685, §25, eff. June 1, 1997).

Section 3--103 was also amended to include two exceptions to the 35-day filing requirement, which provide:

"(1) in municipalities with a population of 500,000 or less a complaint filed within the time limit established by this Section may be subsequently amended to add a police chief or a fire chief in cases brought under the Illinois Municipal Code's provisions providing for the discipline of fire fighters and police officers; and

(2)  in other actions for review of a final administrative decision, a complaint filed within the time limit established by this Section may be amended to add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action.  If the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section may be amended to add the administrative agency, board, committee, or government entity."  735 ILCS 5/3--103 (West 1996) (as amended by Pub. Act 89-685, §25, eff. June 1, 1997).

Initially, the Board contends that because plaintiff failed to seek retroactive application of the amended statute, he has waived his right to do so at this time.  It is well established that as a general rule any issue not raised in the circuit court is waived.  
Wagner v. City of Chicago
, 166 Ill. 2d 144, 147 (1995).  However, the rule of waiver is a limitation on the parties and not the courts.  
Wagner
, 166 Ill. 2d at 148.  "In the exercise of its responsibility for a just result and the maintenance of a sound and uniform body of precedent, a reviewing court may consider issues not properly preserved by the parties."  
Wagner
, 166 Ill. 2d at 148.  Even if wavier applied here, we find it proper to address the issues presented for the maintenance of a sound and uniform body of precedent.

We hold that the circuit court erred in applying the prior version of the Act in this case.  In 
First of America Trust Co. v. Armstead
, 171 Ill. 2d 282, 289-90 (1996), the supreme court held that the circuit court properly applied an amended statute on administrative review even though the statute was amended during the pendency of the case in the circuit court.  The supreme court enunciated the rule to be utilized in such cases:

"[T]he better approach is to apply the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right.  ***  [W]here an amendment does not reach back and interfere with vested rights, there is no truly retroactive impact."  
Armstead
, 171 Ill. 2d at 289.

In 
Fayhee v. State Board of Elections
, 295 Ill. App. 3d 392, 398-

99 (1998), this court followed 
Armstead
 and held that the amended version of section 3--107 applied to a case for administrative review even though the plaintiff's petition had been filed prior to the effective date of the amendment.  The court determined that the amendment was procedural in nature; "[i]t creates neither rights nor liabilities but, rather, specifies who must be named in an action for judicial review so that the reviewing court may take jurisdiction of the matter and have all of the necessary parties before the court."  
Fayhee
, 295 Ill. App. 3d at 398.

In 
Richard's Tire Co. v. Zehnder
, 295 Ill. App. 3d 48, 53 (1998), the Director of the Department of Revenue (the Department) moved to dismiss a plaintiff's complaint for administrative review of a tax assessment for the failure to name the Department as a party and to serve it with summons.  The plaintiff had only identified the Director in his official capacity.  Plaintiff moved for leave to amend its complaint to add the Department as a party.  The circuit court dismissed the complaint without prejudice and granted plaintiff leave to amend the complaint to add the Department as a defendant.  
Richard's Tire
, 295 Ill. App. 3d at 53.  After a hearing on the amended complaint, the circuit court reversed the Department's decision.  The Department and Director appealed.  
Richard's Tire
, 295 Ill. App. 3d at 54.  This court, following 
Armstead
, relied on the newly amended section 3--107(a) and determined that plaintiff's failure to name the Department as a defendant did not divest the circuit court of jurisdiction under the Act and was not fatal to its cause of action.   
Richard'S Tire
, 295 Ill. App. 3d at 55-56.

In 
Rhoads v. Board of Trustees of the City of Calumet City Policemen's Pension Fund
, 293 Ill. App. 3d 1070, 1073 (1997), the City of Calumet City Police Pension Board argued that a plaintiff's failure to name the individual pension board trustees as defendants in his complaint for administrative review deprived the circuit court of jurisdiction.  Despite the fact that all five members of the board signed the administrative decision in that case, this court ruled that the failure to name those individuals as defendants was not fatal.  Following 
Armstead
, this court relied on the newly amended version of section 3--

107(a), which the court stated "appears no longer to require the joinder of individual pension board trustees to invoke jurisdiction under administrative review."  
Rhoads
, 293 Ill. App. 3d at 1074.  See also 
Martin v. Department of Professional Regulation
, 284 Ill. App. 3d 591, 596 (1996) (stating that even if the Director of the Department of Professional Regulation had been a necessary party, under 
Armstead
, the court would apply the newly amended section 3--107(a) and allow plaintiff the opportunity to name and serve the Director in an action for administrative review); 
Bunnell v. Civil Service Comm'n
, 295 Ill. App. 3d 97 (1998) (applying the newly amended section 3--107(a) pursuant to 
Armstead
 and concluding that it was error for the circuit court to dismiss an action for administrative review where the plaintiff failed to name the individual members of the commission); 
Rodriguez v. Bagnola
, 297 Ill. App. 3d 906 (1998) (applying the newly amended section 3--107(a) pursuant to 
Armstead
 and concluding that joinder of individual board members was not required to invoke jurisdiction for administrative review where a superintendent of police appealed a decision of a police board and had at least named the board and the officer in his complaint).

In applying the amended section 3--107(a), we conclude that the circuit court should not have dismissed plaintiff's action for lack of jurisdiction based upon the failure to name the individual members of the Board as defendants because plaintiff properly named the Board.  We also conclude that the circuit court erred in determining that plaintiff could not amend his complaint to add the Chief as well as the individual Board members.

As we previously observed, the amendments to section 3--103 create two specific exceptions to the 35-day filing requirement.  Under section 3--103(1) plaintiff should have been granted leave to amend his complaint to add the Chief, and under section 3--

103(2) plaintiff should have been granted leave to amend his complaint to add the individual Board members where the Board was a party to the action for administrative review.

In ruling that plaintiff could not amend his complaint, the circuit court centered on language in section 3--107(a) that limits when a court may allow a plaintiff to amend his complaint.

"If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, 
and only if that party was not named by the administrative agency in its final order as a party of record
, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant."  (Emphasis added.)  735 ILCS 5/3-

-107(a) (West 1996).

We do not believe that plaintiff was limited by this language from naming the Chief and the individual Board members despite the fact that those persons were named in the administrative order.

The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature.  
Lacny
, 291 Ill. App. 3d at 404, citing 
In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989
, 167 Ill. 2d 161, 168 (1995).  Upon careful review of the statutory structure here, we conclude that this paragraph in section 3--107(a) does not apply to the special exceptions enumerated in section 3--103.  Section 3--103 clearly grants the right to amend in those situations where a party has filed a timely complaint but failed to name a police chief or failed to name an individual member of a board where the board was made a party.  Section 3--103 does not provide any limitation as to whether the police chief or the individual members were named as parties of record in the administrative order.  The language of limitation in section 3--107(a) would seem to apply to any other parties not named and served as defendants.  To apply that language when these two exceptional situations are presented would essentially render the exceptions of section 3--103 meaningless.  We believe this interpretation is consistent with the legislature's intent when enacting these exceptions.  We do not believe there was any real confusion as to plaintiff's appeal in this case and the legislature has recognized that these types of cases should not be dismissed for such technical violations.  As this court has stated:

"We believe that the purpose of [the section 3--107(a)] amendment is 'to reduce the possibility of error in naming and serving individuals who are acting in their official capacities as employees, agents, or members of the administrative agency *** and to avoid the harsh result of dismissing the complaint where the agency or entity has been named and served.'"  
Rodriguez
, 297 Ill. App. 3d at 915, quoting 
Bunnell
, 295 Ill. App. 3d at 101.

We note that the 
Fayhee
 decision suggests that a party may only be granted the additional 21 days to amend in section 3--

107(a) if the unnamed party was not named as a party of record in the final order.  
Fayhee
, 295 Ill. App. 3d at 399.  The 
Fayhee
 court looked to this language and discussed who was a party of record where the unnamed party that the plaintiff sought to add was the chairman of the board that had rendered the decision from which the plaintiff sought review.  See also 
Villa Retirement Apartments, Inc. v. Property Tax Appeal Board
, No. 4-98-0246 (January 28, 1999) (citing 
Fayhee
 and holding that under sections 3--107(a) and 3--113(b) (735 ILCS 5/3--107(a), 3--113(b) (West 1996)) an appellant is entitled to name and serve an absent party of record unless the final order explicitly states that the party is a party of record).  We find the "party of record" analysis unnecessary as to the question of whether a party may be added where the party that a plaintiff seeks to add qualifies for amendment under section 3--103.  

Our interpretation is consistent with this court's ruling in 
Rhoads
, 293 Ill. App. 3d 1070, where the unnamed parties whom the plaintiff sought to add, the individual board trustees, had signed the decision from which the plaintiff sought review and this court found no jurisdictional problem under the new amendments to the Act.  It is also consistent with this court's ruling in 
Martin
, 284 Ill. App. 3d 591, where the administrative decision from which the plaintiff sought review named the director of the department and this court stated that under the newly amended section 3--107(a) the plaintiff would be allowed the opportunity to name and serve the director where he had named and served the department.

In 
Bunnell
, 295 Ill. App. 3d at 97, the second district ruled that a plaintiff's complaint for administrative review was improperly dismissed with prejudice for failing to name the individual members of the commission who rendered the decision from which the plaintiff sought review.  The commission's decision contained two "scrawled" signatures of individual commission members, but the court determined that the failure to name the individual members did not require dismissal because the newly amended section 3--107(a) "no longer requires the joinder of individual Commission members to invoke jurisdiction *** where the administrative agency has been named as a defendant."  
Bunnell
, 295 Ill. App. 3d at 99, citing 
Rhoads
, 293 Ill. App. 3d at 1073-74.

We conclude that the circuit court in this case erred in failing to apply the current version of the statutory provisions applicable to this case.  Under these provisions, the court was not without jurisdiction to hear the matter and should have granted plaintiff leave to amend his complaint to add the Chief and the Board members.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

HOURIHANE, P.J., and THEIS, J., concur.