STEVEN WILSON, Plaintiff-Appellee, v. STATE EMPLOYEES' RETIRE-MENT SYSTEM OF ILLINOIS *et al.*, Defendants-Appellants.

First District (6th Division)    No. 1—02—0083

Opinion filed December 20, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Erik G. Light, Assistant Attorney General, of counsel), for appellants.

Cornfield & Feldman, of Chicago (David M. Goldberg, of counsel), for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Defendants the State Employees' Retirement System of Illinois

(SERS) and the Executive Committee of SERS appeal from an order of the circuit court on administrative review which reversed a decision by the Board of Trustees of SERS (Board) finding that SERS overpaid plaintiff Steven Wilson occupational disability benefits. Defendants contend on appeal that the Board was the administrative agency which rendered the final decision that SERS overpaid plaintiff and that plaintiff's failure to name the Board as a defendant in his complaint for administrative review required the circuit court to dismiss his complaint. Defendants alternatively contend that the Board's decision that SERS overpaid occupational disability benefits to plaintiff was not against the manifest weight of the evidence and was consistent with sound public policy. We hold that the circuit court was required to dismiss plaintiff's complaint for administrative review based on his failure to name the Board, and accordingly, we vacate the circuit court's order reversing the Board's decision, remand the case, and direct the circuit court to dismiss plaintiff's complaint.

Plaintiff, a correctional officer with the Illinois Department of Corrections (Department), claimed that he fell and was injured in February 1997 while working at one of the Department's correctional facilities. He applied for workers' compensation benefits from the Department, which denied his claim on the ground that his injury was not work-related. Plaintiff contested the Department's denial by filing a claim with the Industrial Commission. In January 1998, while his claim with the Industrial Commission was pending, plaintiff applied for temporary disability benefits from SERS. In February 1998, SERS approved his application, and plaintiff received temporary disability benefits for approximately seven months.

In March 1999, plaintiff and the Department settled his workers' compensation claim, which was pending in the Industrial Commission. The settlement awarded plaintiff $26,333.16, representing 70.5 weeks of permanent partial disability. The following year, in March 2000, Robert Hicks, supervisor of SERS's disability section, wrote plaintiff a letter informing him that SERS had overpaid him $2,472.84 in benefits. The letter initially noted that SERS had paid plaintiff temporary disability benefits based on the Department's denial of plaintiff's claim for workers' compensation benefits. The letter then explained that after receiving information regarding plaintiff's settlement with the Department, SERS determined it overpaid plaintiff benefits. In a letter responding to Hicks' letter, plaintiff asserted he was not liable for any overpayment of benefits by SERS and requested an administrative hearing on the matter.

The Executive Committee, which conducted the hearing requested by plaintiff, found that SERS overpaid him benefits in the amount of

$2,472.84 and recommended to the Board that plaintiff's appeal be denied. Patrick Cummings, manager of SERS's claims division, wrote plaintiff a letter dated June 21, 2000, informing him that the Executive Committee reviewed and denied his appeal at its June 8, 2000, meeting based upon a nine-page "Recommendation." The letter attached the "Recommendation," which concluded that "there has been an overpayment of occupational disability benefits to [plaintiff], and, therefore, [plaintiff] is required to repay that overpayment of benefits to the System." The final sentence of the "Recommendation" stated "[t]he Committee recommends that the appeal of [plaintiff] be denied."

On July 6, 2000, the Board ratified the Executive Committee's recommendation that plaintiff's appeal be denied, and on July 10, 2000, Cummings wrote plaintiff a letter notifying him of the Board's decision. The letter specified "[t]his constitutes a final decision on administrative review of your appeal by the State Employees' Retirement System (SERS)."

In August 2000, plaintiff filed a complaint for administrative review in the circuit court seeking reversal of SERS's decision. Plaintiff named SERS and the Executive Committee of SERS as defendants in his complaint, but he did not name the Board as a defendant. Following a hearing at which counsel presented arguments, the circuit court granted the relief requested in plaintiff's complaint for administrative review.

■ Defendants contend that the circuit court was required to dismiss plaintiff's complaint for administrative review because plaintiff failed to name the Board as a defendant in his complaint. Whether plaintiff's failure to name the Board warranted dismissal of his complaint is a question of law, and accordingly, our standard of review is *de novo. Veazey v. Baker*, 322 Ill. App. 3d 599, 602 (2001); *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000).

■ There is no constitutional right to appeal decisions of administrative agencies. *ESG Watts, Inc.*, 191 Ill. 2d at 29. Instead, the appellate and circuit courts have only those powers to review administrative actions "as provided by law." *ESG Watts, Inc.*, 191 Ill. 2d at 29; Ill. Const. 1970, art. VI, § 6. The Illinois Appellate Court has only such power of direct review as the legislature provides. *Central City Education Ass'n, IEA/NEA v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 526-27 (1992).

■ Section 14—101 of the Illinois Pension Code (Code) created SERS, and section 14—134 of the Code vests responsibility for the operation of SERS in the Board. 40 ILCS 5/14—101, 14—134 (West 1998). Section 14—135.04 of the Code specifically vests the Board with

power "[t]o consider and pass on all applications for annuities, allowances, and benefits." 40 ILCS 5/14—135.04 (West 1998). Section 14—150 of the Code provides that "final administrative decisions of the retirement board" are subject to judicial review under the Administrative Review Law (Review Law) (735 ILCS 5/3—101 *et seq.* (West 1998)). 40 ILCS 5/14—150 (West 1998).

■ The Review Law is a departure from the common law and, as such, its provisions must be strictly adhered to by the parties. *ESG Watts*, 191 Ill. 2d at 30. Section 3—102 of the Review Law expressly makes review of an administrative decision contingent upon compliance with the Review Law's provisions. It provides:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1998).

■ Section 3—107(a) of the Review Law states that "in any action to review any final decision of an administrative agency, the administrative agency *** shall be made [a] defendant[ ]." 735 ILCS 5/3—107(a) (West 1998). Section 3—101 of the Review Law defines "administrative agency" as "a person, body of persons, group, officer, *board*, bureau, commission or department (other than a court or judge) of the State *** having power under law to make administrative decisions." (Emphasis added.) 735 ILCS 5/3—101 (West 1998). The supreme court has stated that compliance with section 3—107(a)'s naming requirement "is mandatory and specific, and admits of no modification." *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354 (1990). The failure to comply with section 3—107(a) requires the circuit court to dismiss a complaint for administrative review. *Veazey*, 322 Ill. App. 3d at 603-04, citing *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 11 (1995), and *Lockett*, 133 Ill. 2d at 354.

■ Defendants argue that the Board was the administrative agency which rendered the final administrative decision determining that SERS overpaid plaintiff and that plaintiff's failure to name the Board pursuant to section 3—107(a) of the Review Law required the circuit court to dismiss his complaint for administrative review. Plaintiff does not dispute that he was required under section 3—107(a) of the Review Law to name in his complaint the body which made the final administrative decision at issue in the instant case. Rather, he contends that it was the Executive Committee and not the Board which made the final administrative decision and that the circuit court therefore "acted properly when it did not dismiss this administrative review."

A review of the record reveals, contrary to plaintiff's contention, that the Executive Committee only recommended to the Board that plaintiff's appeal be denied and that it was the Board which actually made the final administrative decision to deny plaintiff's appeal of SERS's determination that it overpaid him benefits. The June 21, 2000, letter written to plaintiff by SERS informed him that the Executive Committee reviewed and denied his appeal at its June 8, 2000, meeting based upon a nine-page "Recommendation." The "Recommendation," which was enclosed with the letter, concluded by stating the Executive Committee *recommends* that the appeal of [plaintiff] be denied." (Emphasis added.) The letter specified that the Executive Committee's decision "does not become final until it is ratified by the Board of Trustees of [SERS] at its next scheduled meeting in July, 2000." The July 10, 2000, letter written to plaintiff by SERS advised him that "[a]t the July 6, 2000 meeting of the Board of Trustees of [SERS], the Board ratified the Executive Committee's decision to deny your request for temporary disability benefits." The letter specified that "[t]his constitutes a final decision on administrative review of your appeal by [SERS]." These documents thus unambiguously establish that while the Executive Committee recommended the denial of plaintiff's administrative appeal, it was the Board which made the final administrative decision at issue in this case.

We note that the procedure followed by SERS in the instant case was consistent with the provisions of the Code which authorize the Board, not the Executive Committee, to make final administrative decisions regarding disability benefits. As noted earlier, the Code (1) places responsibility for the operation of SERS with the Board (40 ILCS 5/14—134 (West 1998)), (2) vests the Board with the power and duty "[t]o consider and pass on all applications for annuities, allowances and benefits" (40 ILCS 5/14—135.04 (West 1998)), and (3) provides for judicial review of "final administrative decisions of the retirement board" (40 ILCS 5/14—150 (West 1998)). To facilitate the Board's ability to comply with its duties and responsibilities, section 14—135.03 of the Code delegated authority to the Board to prescribe rules to administer SERS. 40 ILCS 5/14—135.03 (West 1998). Pursuant to that authority, the Board promulgated rules governing claims for benefits payable by SERS. Those rules provide, among other things, that following a hearing, the Executive Committee's "recommendation" shall be communicated to the party claiming benefits and that the Executive Committee shall implement the appropriate action "subject to the approval of the Board of Trustees" (80 Ill. Adm. Code § 1540.270(d)(8) (1996)), that a rehearing may be conducted within 90 days following the notification of the "final decision of the [Board]

with respect to the recommendation of the Executive Committee" (80 Ill. Adm. Code § 1540.270(e)(2) (1996)), and that "[d]ecisions of the [Board] shall be final administrative decisions subject to the provisions of the [Review Law]." 80 Ill. Adm. Code § 1540.270(f)(1) (1996).

In the instant case, as previously noted, the Executive Committee made the recommendation to the Board to deny plaintiff's appeal, and the Board rendered the final administrative decision by ratifying that recommendation. This procedure thus complied with the administrative rules promulgated by the Board and provisions under the Code giving the Board the authority to make final administrative decisions regarding disability payments.

■ Plaintiff next contends that defendants waived the issue of whether he was required to name the Board by not raising it in the circuit court. In support of this contention plaintiff cites *DeCastris v. State Employees Retirement System*, 288 Ill. App. 3d 136 (1997), a Fourth District case. We recognize that the reviewing court in *DeCastris* held that a defendant's failure to move to dismiss a complaint for administrative review in the circuit court based on the complainant's failure to name the Board as defendant pursuant to section 3—107 of the Review Law waives that party's right to raise the issue for the first time on appeal. *DeCastris*, 288 Ill. App. 3d at 143. We decline, however, to follow *DeCastris* as it conflicts with the supreme court's decision in *Cuny v. Annunzio*, 411 Ill. 613 (1952), and subsequent cases decided by the Appellate Court in the First and Second Districts. See *Zientara v. Lottery Control Board*, 214 Ill. App. 3d 961, 972 (1991) (First District); *Orlowski v. Village of Villa Park Board of Fire & Police Commissioners*, 273 Ill. App. 3d 42, 47 (1995) (Second District).

In *Cuny*, an employer sought review of an administrative decision of the Board of Review of the Illinois Department of Labor. *Cuny*, 411 Ill. at 614. The employer named the Director of the Department of Labor as the sole defendant. *Cuny*, 411 Ill. at 615. The Director did not raise the employer's failure to name the Board of Review as a defendant at the trial court level, and the trial court affirmed the Board of Review's decision. *Cuny*, 411 Ill. at 615-17.

On direct appeal to the supreme court, the Director moved to dismiss the appeal on the ground that the employer failed to name the Board of Review as a defendant. *Cuny*, 411 Ill. at 615. The employer countered by arguing, among other things, that the Director waived the issue of the failure to name the Board of Review by not raising it in the circuit court. *Cuny*, 411 Ill. at 615-16.

The supreme court held that the Director did not waive the issue. *Cuny*, 411 Ill. at 617. The court found that the statute requiring all adverse parties to the administrative proceeding to be named as

defendants was mandatory and concluded that "[t]he failure of the [Director] to object that the Board of Review was not made a party defendant *** could not operate as a waiver of the express requirement of the statute." *Cuny*, 411 Ill. at 617.

Following the supreme court's decision in *Cuny*, the First and Second District Appellate Courts addressed the failure to name a necessary defendant in a complaint for administrative review. See *Zientara*, 214 Ill. App. 3d at 972; *Orlowski*, 273 Ill. App. 3d at 47. Both courts found, based upon *Cuny*, that a defendant's failure to object in the trial court that the plaintiff did not name all necessary parties does not waive section 3—107(a)'s naming requirement. See *Zientara*, 214 Ill. App. 3d at 972; *Orlowski*, 273 Ill. App. 3d at 47. Accordingly, pursuant to *Cuny*, *Zientara*, and *Orlowski*, we find that defendants' failure to object in the circuit court to plaintiff's failure to name the Board as a defendant did not waive their right to raise that issue before this court.

Based on the foregoing reasons, we vacate the circuit court's decision reversing the Board's decision, remand plaintiff's appeal to the circuit court, and direct the circuit court to dismiss it.

Vacated and remanded with directions.

O'BRIEN, P.J., and GALLAGHER, J., concur.