No. 2--03--1168

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

ESTATE OF DAVID F. SMIDA, Deceased,       ) Appeal from the Circuit Court

      ) of Du Page County.

Plaintiff-Appellant,      )

      )

v.      ) No. 02--MR--1010

      )

ILLINOIS MUNICIPAL RETIREMENT FUND)

and DONNA MARCINSKI,      ) Honorable

      ) Thomas J. Riggs,

Defendants-Appellees.      ) Judge, Presiding.

______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, the estate of David F. Smida, appeals the trial court's dismissal of its complaint seeking 
the review of a decision of the Board of Trustees of the Illinois Municipal Retirement Fund (the Board).  Plaintiff argues that the court erred by not allowing it leave to amend the complaint and, alternatively, that the court erred by dismissing the complaint.  We reverse and remand.

On August 29, 2002, the Board decided the claims of plaintiff and defendant Donna Marcinski, regarding Smida's retirement fund death benefit.  It determined that the death benefit should be paid to Marcinski.

On September 30, 2002, plaintiff filed a complaint for administrative review against defendants, the Illinois Municipal Retirement Fund (IMRF) and Marcinski.  The complaint does not reference that IMRF rendered its final administrative decision through the Board.  

On November 4, 2002, IMRF and Marcinski filed answers to the complaint.  Thereafter, the appellate court released the decision in 
Wilson v. State Employees' Retirement System
, 336 Ill. App. 3d 199 (2002).  The 
Wilson
 court held that, under section 3--107(a) of the Administrative Review Law (Review Law) (735 ILCS 5/3--107(a) (West 2002)), in an action to review an administrative decision, the administrative agency must be named as a defendant.  
Wilson
, 336 Ill. App. 3d at 203.  Thus, where a plaintiff failed to name in a complaint for administrative review the administrative agency that rendered the final decision, the trial court must dismiss the complaint.  
Wilson
, 336 Ill. App. 3d at 203.  On January 22, 2003, Marcinski moved the court for leave to withdraw her answer and file a motion to dismiss.  Relying on 
Wilson
, she argued that plaintiff's complaint was fatally defective because it did not name the Board as a defendant.  That same day, plaintiff moved the court for leave to file an amended complaint to add the Board as a defendant.  

On April 8, 2003, after a hearing, the court denied plaintiff's motion.  IMRF also moved to withdraw its answer and file a motion to dismiss.  The court granted IMRF's and Marcinski's motions to withdraw their answers and to file motions to dismiss.  

Defendants moved to dismiss the complaint pursuant to section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 2002)), arguing that plaintiff failed to comply with section 3--107(a) of the Review Law by not naming a party of record, the Board, as a defendant.  The court granted the motions, dismissing the complaint with prejudice.  Plaintiff appeals.

Initially, plaintiff argues that the trial court erred by concluding that, under section 3--103 of the Review Law (735 ILCS 5/3--103 (West 2002)), plaintiff could not file an amended complaint.  We review 
de novo
 the trial court's interpretation of a statute
.  
Puffer-Hefty School District No. 69 v. Du Page Regional Board of School Trustees
, 339 Ill. App. 3d 194, 206 (2003).

According to the Review Law, an "action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision."  735 ILCS 5/3--103 (West 2002).  The Review Law further provides that, if a complaint for administrative review is timely filed, that complaint may be amended "to add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action."  735 ILCS 5/3--103(2) (West 2002).  Therefore, section 3--103(2) of the Review Law creates a right to amend a complaint under specific circumstances.  

Our inquiry is whether the Board, the party that plaintiff sought to add to the complaint, qualified for amendment under section 3--103(2) of the Review Law.  
Defendants argue that the Board is an "administrative agency" and, therefore, plaintiff was properly denied leave to amend its complaint, as the statute permits the addition of only "an employee, agent, or member of an administrative agency, board, committee, or government entity."  735 ILCS 5/3--103(2) (West 2002).  According to defendants, because the Board is an administrative agency, it cannot be an employee, agent, or member of an administrative agency.  For support, defendants rely on 
Wilson
.

The 
Wilson
 court determined that a board that renders the final decision of an administrative agency satisfies the definition of "administrative agency" in section 3--101 of the Review Law (735 ILCS 5/3--101 (West 2002)) and therefore must be named as a defendant under section 3--107(a) of the Review Law or the complaint must be dismissed.  
Wilson
, 336 Ill. App. 3d at 203.  However, the 
Wilson
 court did not consider whether, under section 3--103(2) of the Review Law, a plaintiff should be granted leave to amend the complaint to add the board as a defendant.  In fact, the plaintiff in 
Wilson
 never sought leave to amend the complaint.  As a result, the holding in 
Wilson
 is of limited relevance to our analysis.

For a party to qualify for amendment under section 3--103(2) of the Review Law, three conditions must be met.  First, an administrative agency, board, committee, or government entity must be a party to the action.  Next, the party sought to be added must be an "employee, agent, or member of an administrative agency, board, committee, or government entity."  735 ILCS 5/3--103(2) (West 2002).  The Review Law does not define these terms.  However, section 3--103(2) does explain that an employee, agent, or member of an administrative agency must have "acted in an official capacity as a party of record to the administrative proceeding" (735 ILCS 5/3--103(2) (West 2002)), the third condition for amendment.  Whether this language includes the Board is unclear; thus, the language is ambiguous.

When a statute is ambiguous, we may look beyond the language as written to discern the drafters' intent and consider the purpose of the statute and the evils that it was designed to remedy.  
In re B.C.
, 176 Ill. 2d 536, 542-43 (1997).  After carefully reviewing the statutory language, we conclude that the Board qualifies for amendment.  In the complaint, plaintiff named a government entity, IMRF, as a party.  Additionally, there is no dispute that the Board was a party of record to the administrative proceeding.  As for the third condition, whether the Board is an employee, agent, or member of IMRF, we conclude that the Board is a member of IMRF.

Our interpretation of section 3--103(2) of the Review Law is consistent with the legislature's intent when it enacted the right to amend a complaint under specific circumstances.  While analyzing section 3--103 of the Review Law, the court in 
Fragakis v. Police and Fire Commission
, 303 Ill. App. 3d 141, 149 (1999), applied a liberal construction of that section.  The 
Fragakis
 court stated that, when the legislature amended section 3--103 of the Review Law in 1997, it sought to "bring peace to the dangerous minefield" created by cases denying a plaintiff leave to amend a timely complaint to name the appropriate party.  
Fragakis
, 303 Ill. App. 3d at 142-43.  "[T]he legislature has recognized that these [administrative review] cases should not be dismissed for such technical violations [in naming the parties]."  
Fragakis
, 303 Ill. App. 3d at 149.

For these reasons, we conclude that the trial court erred when interpreting the statute and should have granted plaintiff leave to amend the complaint to add the Board.

Next, plaintiff argues that the trial court erred by dismissing the complaint for failing to name a party of record as a defendant, as required by section 3--107(a) of the Review Law (735 ILCS 5/3--107(a) (West 2002)).  Section 3--107(a) provides that "in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."  735 ILCS 5/3--107(a) (West 2002).  Therefore, the trial court dismissed the complaint because the administrative agency, the Board, was not named as a defendant.  As we previously have concluded that the trial court erred by not allowing plaintiff to amend the complaint to add the Board as a defendant, we need not address this argument.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.

JUSTICE GILLERAN JOHNSON, dissenting upon denial of rehearing:

Although I agree with the public policy set forth by the majority’s decision, allowing parties to amend a timely filed complaint for administrative review to name the appropriate parties, I must reluctantly dissent.  In their petition for rehearing, the defendants argue that we overlooked the case of 
Veazey v. Baker
, 322 Ill. App. 3d 599 (2001), in making our original decision.  I note that in their appellate briefs, the defendants placed little emphasis on 
Veazey
.  Rather, 
Veazey
 was merely  listed at the end of a long chain cite.  Nonetheless, upon the defendants’ request, I have reviewed 
Veazey
.   
Veazey
 involved an administrative review action in which the plaintiff appealed the order of the circuit court dismissing his complaint.  
Veazey
, 322 Ill. App. 3d 599, 601 (2001).  In his complaint, the plaintiff challenged the decision of the defendants, the Illinois Department of Employment Security (the Department) and the Department’s Director, finding him ineligible for unemployment insurance benefits.  
Veazey
, 322 Ill. App. 3d at 601.  In his complaint, the plaintiff named the Department and its Director.  However, the plaintiff’s complaint did not name the Board of Review (the Board) which issued the decision from which the plaintiff was appealing.  
Veazey
, 322 Ill. App. 3d at 601.  Upon motion of the Department and its Director, the trial court dismissed the plaintiff’s complaint for failure to name the Board as a defendant and denied the plaintiff’s request for leave to amend the complaint to add the Board as an adverse party.  
Veazey
, 322 Ill. App. 3d at 601.  On appeal, the reviewing court affirmed the decision of the trial court.  
Veazey
, 322 Ill. App. 3d at 601.  The reviewing court determined that the Board was the body that issued the administrative decision that was subject to the review process.  
Veazey
, 322 Ill. App. 3d at 603.  As such, the Board was the administrative agency from which the plaintiff had to seek review.  
Veazey
, 322 Ill. App. 3d at 603.            

In so ruling, the 
Veazey
 court explained that section 3--102 of the Administrative Review Law (the Act) (735 ILCS 5/3--102
 (West 2002)) explicitly conditions review of an administrative decision upon compliance with its provisions:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision."  735 ILCS 5/3--102 (West 1998); 
Veazey
, 322 Ill. App. 3d at 602.    

Furthermore, the court explained that the Act is a departure from the common law and, as such, its provisions must be strictly adhered to by the parties.  
Veazey
, 322 Ill. App. 3d at 602.  Because administrative review actions involve the exercise of special statutory jurisdiction, the court’s power to hear such cases is limited to the language of the Act, and if the prescribed statutory procedure is not strictly followed, no jurisdiction can be invoked.  
Veazey
, 322 Ill. App. 3d at 602.  

Pursuant to section 3--107(a) of the Act, a complaint must name "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *** [as] defendants."  735 ILCS 5/3--107(a) (West 2002).  Accordingly, in a complaint for administrative review, a plaintiff is required to name the body which made the final administrative decision at issue.  
Wilson
, 336 Ill. App. 3d at 203.  In the present case, it is undisputed that the Board of Trustees of the IMRF (the Board) made the final administrative decision from which the plaintiff is appealing.  Accordingly, the plaintiff was required to name the Board as a defendant in his complaint.  However, the plaintiff only named the IMRF.  

In determining that the plaintiff could amend his complaint to add the Board, the majority, in relying on 
Fragakis
, explains that 1997 amendments to the Act were intended to bring peace to the dangerous minefield created by cases denying a plaintiff leave to amend a timely filed complaint to name the appropriate party.  
Fragakis
, 303 Ill. App. 3d at 142-43, 145.  Furthermore, the majority explains that the legislature has recognized that administrative review cases should not be dismissed for such technical violations in naming the parties.  See 
Fragakis
, 303 Ill. App. 3d at 149.  If the 
Veazey
 court had applied the rationale of the majority, it
 could have characterized the Department as a governmental entity of which the Board is a member and allowed the plaintiff’s requested amendment under section 3--103(2).  However, the 
Veazey
 court did not allow the plaintiff to amend the complaint to add the Board. Consequently, upon review of 
Veazey
, I do not believe 
Fragakis
 should be construed as liberally as the majority suggests.   

In 
Fragakis
, the plaintiff, a police sergeant, appealed from the trial court’s dismissal of his complaint for administrative review of a five-day suspension imposed on him by the Board of Fire and Police Commissioners (the Board).  
Fragakis
, 303 Ill. App. 3d at 142.  In his complaint, the plaintiff named and served only the Board.  
Fragakis
, 303 Ill. App. 3d at 143.   The trial court dismissed his complaint for failure to name the individual members of the Board and the chief of police as parties.  
Fragakis
, 303 Ill. App. 3d at 143.  On appeal, the reviewing court determined that the trial court erred in not allowing the plaintiff to amend his complaint to add the chief of police and the individual members of the Board.  
Fragakis
, 303 Ill. App. 3d at 148.  

In so ruling, the court explained that 1997 amendments to section 3--103 of the Act created two specific exceptions to the filing requirements.  
Fragakis
, 303 Ill. App. 3d at 148.  Under section 3--103(1), the court held that the plaintiff should have been granted leave to amend his complaint to add the chief of police, and under section 3--103(2), the plaintiff should have been granted leave to amend his complaint to add the individual Board members where the Board was a party to the action for administrative review.  
Fragakis
, 303 Ill. App. 3d at 148.  Moreover, according to the 
Fragakis
 court, "section 3--103 clearly grants the right to amend in those situations where a party has filed a timely complaint but failed to name a police chief or failed to name an individual member of a board where the board was made a party."  
Fragakis
, 303 Ill. App. 3d at 149.  As such
, I believe that section 3--103(2) was intended to allow a plaintiff to amend a complaint for administrative review to add an individual as an adverse party, if the individual was an employee, agent, or member of an agency, board, or entity, and the agency, board, or entity had been named in the original complaint.  In the present case, the Board does not qualify as an individual.  

A review of the legislative history of the 1997 amendments to the Act lends support this
 interpretation of section 3--103(2).  I agree with the majority that section 3--103(2) of the Act is ambiguous.  When a statute’s meaning is unclear, the court may examine legislative history.  
Country Mutual Insurance Co. v. Teachers Insurance Co.
, 195 Ill. 2d 322, 330 (2001).  The Act
 was amended by Public Act 89--685 (House Bill 346), which became effective June 1, 1997.  The amendments included the addition of section 3--103(2), and modifications to sections 3--105 and 3--107 of the Act.  735 ILCS 5/3–103(2), 105, 107 (West 2002).  When introducing the legislation, Senator Hawkinson stated the following:

"[House Bill 346] allows a plaintiff in an administrative review action to obtain service on the agency if they have already served the agency head or to refile against an employee acting in his official capacity if they have already served the agency.  Without this change, we’re finding them – some cases are being dismissed because all necessary parties have not been named and served."  89th Ill. Gen. Assem., Senate Proceedings, May 8, 1996, at 12-13 (statements of Senator Hawkinson). 

This 
indicates that the 1997 amendments to the Act were intended to allow a plaintiff to amend a timely filed complaint for administrative review by adding an agency, if the agency head was named, or by adding an individual, if the individual was an employee of a properly named agency.  This interpretation is consistent with that found in 
Fragakis
.  See 
Fragakis
, 303 Ill. App. 3d at 148-9.

Accordingly, in light of 
Veazey
, and upon closer review of 
Fragakis
 and the legislative history of section 3--103(2), I do not think it is proper to interpret the Board as a member of the IMRF.  I believe the amendment to section 3--103(2) was intended to apply to individuals.  Unfortunately, although the plaintiff named the IMRF in his complaint, he failed to name a necessary party to the administrative review action, specifically, the Board.  As the Board is not an individual, the changes to the Act allowing amendments to the original complaint to name a necessary party do not apply in the present case.  Accordingly, I believe the trial court properly dismissed the plaintiff’s complaint.  Unfortunately, the current state of the administrative review law denies the plaintiff his day in court for what I perceive as a mere technical violation.  Although I am not comfortable with this outcome, for the foregoing reasons, I must dissent.  I would therefore grant the defendants’ petition for rehearing.