FIRST DIVISION
December 11, 2006

No. 1-05-2916

| | | |
|---|---|---|
| McGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05 CH 7490 |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, an Administrative Agency; BRENDA A. RUSSELL, in her capacity as Director of the Department of Employment Security; and LAURA LUCERO, | ) ) ) ) | |
| | ) | Honorable |
| | ) | Rita Mary Novak, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

This is an administrative review action brought by plaintiff McGaw Medical Center of Northwestern University against defendants the Illinois Department of Employment Security (IDES), Brenda A. Russell, in her capacity as the Director of the IDES, and Laura Lucero. Plaintiff's complaint seeks review of a decision by the IDES Board of Review (Board) awarding Lucero unemployment compensation benefits under the Unemployment Insurance Act (820 ILCS 405/100 *et seq.* (West 2004)). Plaintiff failed to name the Board as a defendant and its complaint was dismissed with prejudice. We affirm.

Plaintiff is a nonprofit organization comprised of five independent hospitals affiliated with the Northwestern University Feinberg School of Medicine. The five hospitals act through plaintiff

to manage the school's residency program. Lucero was a student in the school's residency program and performed her internship at one of the five hospitals.

Lucero was unable to obtain employment after her residency. She filed a claim for unemployment compensation benefits, naming plaintiff as her former employer. Lucero was awarded benefits and plaintiff appealed to the Board. The Board affirmed the decision for Lucero.

Plaintiff filed this administrative review action within 35 days of the Board's decision, as required under section 3-103 of the Administrative Review Law (Review Law) (735 ILCS 5/3-103 (West 2004)). The complaint named the Department and its Director as defendants but did not name the Board. Defendants moved to dismiss the complaint after the expiration of the 35-day limitation period. Defendants argued plaintiff's failure to name the Board as a defendant deprived the trial court of subject matter jurisdiction. Plaintiff moved to amend its complaint in response to defendants' motion to dismiss. The trial court granted defendants' motion to dismiss, denied plaintiff's motion for leave to amend and dismissed the complaint with prejudice. Plaintiff appeals.

Our standard of review is *de novo*. See ESG Watts, Inc. v. Pollution Control Board, 191 Ill. 2d 26, 29, 727 N.E.2d 1022 (2000).

We begin with the relevant statutory law. Decisions by the Board are reviewable "only under and in accordance with" the Review Law (735 ILCS 5/3-101 *et seq.* (West 2004)). 820 ILCS 405/1100 (West 2004); see also 735 ILCS 5/3-102 (West 2004) (review of a Board decision must be brought "within the time and in the manner" provided under the Review Law);

Lockett v. Chicago Police Board, 133 Ill. 2d 349, 353, 549 N.E.2d 1266 (1990) (the Review Law is a departure from common law and the procedures it establishes must be strictly followed). Section 3-103 of the Review Law requires an action for administrative review to be brought within 35 days from the date the decision sought to be reviewed was served on the affected party. 735 ILCS 5/3-103 (West 2004). Unless the action is commenced within the 35 days, the trial court lacks subject matter jurisdiction and the complaining party is barred from obtaining judicial relief. Nudell v. Forest Preserve District of Cook County, 207 Ill. 2d 409, 422-23, 799 N.E.2d 260 (2003). Section 3-107 of the Review Law specifies that the complaint must name as defendants "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency." 735 ILCS 5/3-107 (West 2004). "This requirement is mandatory and specific, and admits of no modification." Lockett, 133 Ill. 2d at 354.

Sections 3-103 and 3-107 have been interpreted by our supreme court to require dismissal of a cause of action for administrative review, without leave to amend, where a necessary party was not made a defendant within the 35-day limitation period. See Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County, 218 Ill. 2d 175, 183, 843 N.E.2d 273 (2006); ESG Watts, 191 Ill. 2d 26; McGaughy v. Illinois Human Rights Comm'n, 165 Ill. 2d 1, 13-14, 649 N.E.2d 404 (1995); Lockett, 133 Ill. 2d at 354-56. Plaintiff does not dispute the Board is a necessary party in this case or that it failed to join the Board within the 35-day time period. Rather, plaintiff argues it should have been allowed to amend its complaint to join the Board under section 2-616(d) of the Code of Civil Procedure (Code) (735

ILCS 5/2-616(d) (West 2004)).  This precise argument was rejected in Shaw v. Department of Employment Security, 243 Ill. App. 3d 844, 848-49, 612 N.E.2d 919 (1993).

Section 2-616(d) of the Code allows, under certain circumstances, a plaintiff to amend his complaint to name additional parties after the time in which to bring the action has lapsed.  735 ILCS 5/2-616(d) (West 2004).  The plaintiffs in Shaw argued section 2-616(d) authorizes the amendment to an administrative review complaint to add necessary parties despite the running of the 35-day time period under section 3-103 of the Review Law.  Relying on Lockett, the court rejected this argument.  The court concluded that, while Lockett did not explicitly say so, "[i]t is clear that the supreme court considered the significance of [s]ection 2-616 of the Code and that the court rejected the position now advanced by [the plaintiffs]."  Shaw, 243 Ill. App. 3d at 849, citing Lockett, 133 Ill. 2d at 356.  See also New York Carpet World, Inc. v. Department of Employment Security, 283 Ill. App. 3d 497, 504, 669 N.E.2d 1321 (1996) ("[e]ven if Lockett did not decide by implication the availability of section 2-616(d), we find that the specific requirement that an administrative-review summons issue against required defendants within 35 days controls over the more general Code section 2-616(d) permitting the addition of defendants").

Plaintiff maintains Shaw is no longer good law because, since that case was decided, section 2-616(d) was amended to apply more liberally.  See Pub. Act 92--116. eff. January 1, 2002.  Before the amendment, the statute read:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following

terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.  For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."  735 ILCS 5/2-616(d) (West 2000).

The statute was then amended in 2002 to modify the conditions that must be met before an

amendment to add a party will relate back to the date the original action was filed. See Pub. Act 92--116. eff. January 1, 2002. Plaintiff concedes the amendment brought about only two significant changes to the statute: "the type of mistake that would justify relation back[] and the requirements for the timing of service." We fail to see how these changes would affect the applicability of section 2-616(d) to actions brought under the Review Law. They address only the conditions that must be met before an amended complaint will relate back in time to the originally filed complaint to avoid expiration of statutes of limitation.

Plaintiff next argues the language of section 2-616(d) makes clear that the statute applies to cases brought under the Review Law. Plaintiff cites the first sentence of paragraph (d): "A cause of action against a person not originally named a defendant is not barred by lapse of time *under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted*, if all the following terms and conditions are met ***." (Emphasis added.) 735 ILCS 5/2-616(d) (West 2004). This language was contained in the statute before the 2002 amendment. See Pub. Act 92--116. eff. January 1, 2002. Plaintiff cites no authority to overrule those cases that have considered the same language and held section 2-616(d) does not apply to actions brought under the Review Law. See Shaw, 243 Ill. App. 3d at 849, citing Lockett, 133 Ill. 2d at 356; New York Carpet World, 283 Ill. App. 3d at 504.

A circuit court's jurisdiction to entertain actions to review administrative decisions is derived solely from statute. Ill. Const. 1970, art. VI, §9 ("[c]ircuit [c]ourts shall have such power to review administrative action as provided by law"). A court that is exercising special statutory jurisdiction is limited to the language of the act conferring it and the court has no powers from

any other source. <u>Fredman Brothers Furniture Co., Inc. v. Department of Revenue</u>, 109 Ill. 2d 202, 210, 486 N.E.2d 893 (1985). "In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court." <u>Fredman Brothers</u>, 109 Ill. 2d at 210.

Circuit courts are granted jurisdiction to review decisions by the IDES Board through section 1100 of the Unemployment Insurance Act (820 ILCS 405/1100 (West 2004)). That statute specifies that decisions by the Board are reviewable "only under and in accordance with" the Review Law. The Review Law, in turn, requires that such actions be brought within 35 days of the date the Board's decision was served on the affected party. 735 ILCS 5/3-102, 3-103 (West 2004). It also requires that "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency" be named in the complaint. 735 ILCS 5/3-107 (West 2004). The court's jurisdiction is limited to these rules and, in the event of noncompliance, the action must be dismissed. <u>Collinsville</u>, 218 Ill. 2d at 183. The court may not resort to other law, either statutory or common law, that either expands or limits the provisions of the Review Law to obtain a different result. See <u>Fredman Brothers</u>, 109 Ill. 2d at 210. Having determined section 2-616(d) of the Code does not apply to causes of action brought under the Review Law, we need not consider plaintiff's arguments that it met all the conditions for relation back of that statute.

Plaintiff next argues the trial court erred in dismissing the complaint for lack of subject matter jurisdiction. Plaintiff points out that the joinder requirement of section 3-107 of the Review Law, while mandatory, is not jurisdictional. See <u>Collinsville</u>, 218 Ill. 2d at 183. Plaintiff

maintains it should have been allowed to add the Board as a defendant under section 3-103 of the Review Law. Plaintiff cites Estate of Smida v. Illinois Municipal Retirement Fund, 353 Ill. App. 3d 551, 820 N.E.2d 475 (2004).

The plaintiff in Smida filed a complaint for administrative review of a decision by the Board of Trustees of the Illinois Municipal Retirement Fund. Smida, 353 Ill. App. 3d at 552. The plaintiff named the Illinois Municipal Retirement Fund (IMRF) as a defendant but failed to name the board. Smida, 353 Ill. App. 3d at 552. The complaint was dismissed for failure to join the board as a defendant within the 35-day limitation period under section 3-103 of the Review Law. Smida, 353 Ill. App. 3d at 552. On appeal, the court held the board could be added as a defendant under paragraph (2) of section 3-103. Smida, 353 Ill. App. 3d at 554-55. That paragraph creates an exception to the 35-day limitation period and allows a complaint to be amended to "add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action." 735 ILCS 5/3-103(2) (West 2004). The court in Smida, with one justice dissenting (on denial of rehearing), held the exception applied in that case. Smida, 353 Ill. App. 3d at 554. In doing so, the majority concluded the IMRF was a "government entity" and the board was a "member" of that entity within the meaning of the statute. Smida, 353 Ill. App. 3d at 554. The majority reasoned its decision was consistent with the legislature's intent in amending section 3-103 to include paragraph (2): "to 'bring peace to the dangerous minefield' created by cases denying a plaintiff leave to amend a timely complaint to name the appropriate party."

8

Smida, 353 Ill. App. 3d at 554, quoting Fragakis v. Police and Fire Commission, 303 Ill. App. 3d 141, 143, 707 N.E.2d 660 (1999) (complainant could amend administrative review complaint under section 3-103(2) to add individual board members because he named the board in the original complaint).

We respectfully disagree with the majority's reading of the word "member" in Smida. Section 3-107(a) reads:

"Except as provided in subsection (b) [concerning review of zoning decisions], in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section. Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named

9

as a defendant as provided in this Section." 735 ILCS 5/3-107(a) (West 2004). Section 3-103 conforms to section 3-107 by allowing a complaint to be amended after the 35-day limitation period to "add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action." 735 ILCS 5/3-103 (West 2004). Also, "[i]f the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section may be amended to add the administrative agency, board, committee, or government entity." 735 ILCS 5/3-103 (West 2004).

The statutes create exceptions to the rule that a complaint for administrative review that fails to name all necessary parties within the 35-day limitation period must be dismissed without leave to amend. But the exceptions do not apply here. Section 3-107 makes clear that the administrative agency rendering the decision sought to be reviewed must be named as a defendant. If the administrative agency is not named, it may be joined if the agency's director or agency head was made a defendant. The administrative agency that rendered the decision in this case is the Board. As such, plaintiff was required to name the Board as a defendant or, under the exceptions created by sections 3-107 and 3-103, the Board's director or agency head. Plaintiff failed to name either.

Our decision finds support in Veazey v. Baker, 322 Ill. App. 3d 599, 749 N.E.2d 1060 (2001). The plaintiff there filed a complaint seeking review of a decision by the IDES Board. Veazey, 322 Ill. App. 3d at 601. Although the plaintiff named the IDES and its Director as

10

defendants, he failed to name the Board. <u>Veazey</u>, 322 Ill. App. 3d at 601. The court concluded the Board was the administrative agency rendering the decision against the plaintiff and was a necessary party to the action:

"The law is undisputed that the Board is a necessary party to any administrative review action in which the denial of a claim for unemployment insurance benefits is challenged. While the Board may be a division or arm of the Department that operates under the superintendence of a director, it is the body that is deemed to issue the administrative decision that is subject to the review process and is, therefore, the 'administrative agency' as that term is defined by the Act. [Citations.] Hence, when relief is sought from an adverse decision involving a claim for unemployment compensation benefits, the Board is the 'administrative agency' from which the plaintiff must seek review. [Citations.]" <u>Veazey</u>, 322 Ill. App. 3d at 602-03.

See also <u>Catamount Cargo Services, LLC v. Department of Employment Security</u>, 366 Ill. App. 3d 1039, 853 N.E.2d 85 (2006) (a plaintiff seeking review of an administrative decision issued by the IDES director must name the director as a defendant because she was the "administrative agency" rendering the decision; it was not sufficient to name only the IDES).

We agree with this interpretation. Because the Board is the administrative agency that rendered the decision from which plaintiff seeks review, plaintiff was required to name the Board as a party to its complaint. The exceptions set forth in sections 3-103 and 3-107 do not apply.

Plaintiff 's remaining arguments concerning whether it made a good-faith attempt to serve

11

the necessary parties and whether the IDES is immune from suit under the doctrine of sovereign immunity do not affect our conclusion that plaintiff's complaint was properly dismissed, without leave to amend, for failure to comply strictly with sections 3-103 and 3-107 of the Review Law.

The judgment of the trial court is affirmed.

Affirmed.

R. CAHILL, J., with M.S. McBRIDE, P.J., and J. GORDON, J., concurring.